Jarrod D. SHAW

v.

**TOWNSHIP OF UPPER ST. CLAIR ZONING HEARING BOARD**

v.

**1800 Washington Road Associates.**

**Jarrod D. Shaw and Moira E. Cain–Mannix**

v.

**Township of Upper St. Clair**

v.

**1800 Washington Road Associates.**

**Appeal of: Moira E. Cain–Mannix.**

Commonwealth Court of Pennsylvania.

Argued April 16, 2013.
Decided July 5, 2013.

Thomas H. Ayoob, III, Pittsburgh, for appellant.

Richard B. Tucker, III, Pittsburgh for appellee Upper St. Clair.

Jamie L. Lenzi, Pittsburgh, for appellee 1800 Washington Road Associates.

BEFORE: COHN JUBELIRER, Judge, and BROBSON, Judge, and COLINS, Senior Judge.

OPINION BY Judge BROBSON.

Appellant Moira E. Cain–Mannix (Cain–Mannix) appeals from an order of the Court of Common Pleas of Allegheny County (trial court), dated July 6, 2012. The trial court held that Ordinance No. 2056, an amendment to the zoning code of the Township of Upper St. Clair (Township), constituted a text amendment rather than a map change. The trial court also dismissed Cain–Mannix's procedural validity challenge to the ordinance as untimely

under Section 5571.1 of the Judicial Code.[1] For the reasons set forth below, we now reverse in part, vacate in part, and remand for further proceedings.

The relevant facts and procedural history of this matter are summarized as follows. Developer 1800 Washington Road Associates, LP (Developer) owns property (Property) located at 1800 Washington Road in the Township. (Tr. Ct. Opinion at 2.) The Property contains a 140,000 square foot, four-story office building that was previously used as the corporate headquarters for Consol Energy Corp. (*Id.*) On March 3, 2011, the Developer submitted an application for a zoning text amendment with the Township's Department of Planning and Community Development, seeking to allow mixed use development as a conditional use in a special business district. (*Id.*) The Township's planning commission reviewed the proposed amendment at public meetings held on March 24, 2011; April 21, 2011; May 5, 2011; and June 16, 2011. (Reproduced Record (R.R.) at 71a.) At its June 16, 2011 meeting, the planning commission recommended that the Township's Board of Commissioners (Commissioners) approve the proposed amendment. (*Id.*) After holding public meetings on the matter, the Commissioners approved the amendment, identified as Ordinance No.2056, on October 3, 2011. (*Id.* at 71a–72a.)

On October 31, 2011, Jarrod D. Shaw (Shaw) filed an appeal to the Township of Upper St. Clair Zoning Hearing Board (Board), arguing that (1) Ordinance No.2056 had been mischaracterized as a text amendment as opposed to a map change, (2) the notice requirements for a map change were not followed, and (3) those who opposed Ordinance No.2056 were not given a full and fair opportunity to present their positions before the Commissioners. (*Id.* at 72a–73a.) On December 14, 2011, the Township filed a motion to quash Shaw's appeal and a supporting brief, asserting that under Section 1002–A(b) of the Pennsylvania Municipalities Planning Code (MPC),[2] a challenge to the validity of a land use ordinance raising procedural issues is to be taken directly to the court of common pleas of the county where the municipality is located. (*Id.* at 73a.) Shaw filed a brief in opposition to the Township's motion to quash, and the Board held a hearing on the matter. (*Id.*)

At the conclusion of the hearing, the Board granted the Township's motion to quash and dismissed Shaw's appeal for lack of jurisdiction. (*Id.*) The Board issued an adjudication in support of its ruling, in which it concluded that Shaw's challenges to notice and the adequacy of the time allotted for those in opposition to Ordinance No.2056 to present their positions were both procedural in nature. (*Id.* at 74a.) In support of this conclusion, the Board noted that the substance of Ordinance No.2056 would not be altered in any way if Shaw's appeal was successful, and that Shaw himself repeatedly characterized his appeal as a procedural challenge. (*Id.* at 74a–75a.) The Board also concluded that Shaw's argument regarding the mischaracterization of Ordinance No.2056

---

1. 42 Pa.C.S. § 5571.1.

2. Act of July 31, 1968, P.L. 805, added by the Act of December 21, 1988, P.L. 1329, *as amended*, 53 P.S. § 11002–A(b). Section 1002–A(b) of the MPC provides as follows:
    Challenges to the validity of a land use ordinance raising procedural questions or alleged defects in the process of enactment

or adoption shall be raised by appeal taken directly to the court of common pleas of the judicial district in which the municipality adopting the ordinance is located in accordance with 42 Pa.C.S. § 5571.1 (relating to appeals from ordinances, resolutions, maps, etc.).

as a text amendment rather than a map change was nothing more than a predicate to a procedural challenge. (*Id.* at 74a.) Moreover, the Board rejected Shaw's contention that Ordinance No.2056 was a map change, because the ordinance did not increase or decrease the size of a zoning district, did not move a zoning district boundary, did not add or eliminate a zoning district designation, and did not rezone a tract. (*Id.*) The Board concluded, therefore, that because all of the challenges to the validity of Ordinance No.2056 raised by Shaw were procedural challenges, the Board lacked jurisdiction over the appeal pursuant to Section 1002–A(b) of the MPC. (*Id.* at 74a–75a.)

On January 26, 2012, Shaw appealed the Board's decision to the trial court. On January 30, 2012, apparently in light of the Board's decision, Shaw and Cain–Mannix brought a challenge to the procedural validity of Ordinance No.2056 directly before the trial court. Among other arguments, Shaw and Cain–Mannix alleged that Ordinance No.2056 was void *ab initio,* because it constituted a map change rather than a text amendment and the Township did not meet the notice requirements for map changes provided in the MPC and the Township's zoning code. Subsequently, the Developer intervened in both appeals, and the Township intervened in the appeal filed by Shaw. By order dated April 2, 2012, the trial court consolidated the appeals, and the parties filed briefs on May 9, 2012.

In addition to their arguments concerning the appeal filed by Shaw, the Developer and the Township alleged that the action filed by Cain–Mannix and Shaw should be dismissed as untimely under Section 5571.1 of the Judicial Code. In response, Shaw and Cain–Mannix argued that their joint action was timely under the exemption provided in Section 5571.1 of the Judicial Code and, alternatively, that Section 5571.1 of the Judicial Code placed an invalid limitation on a party's right to challenge the procedural validity of an ordinance. The parties also presented arguments regarding whether Ordinance No.2056 was a text amendment as opposed to a map change and whether the notice requirements were followed properly for enactment of Ordinance No.2056.

The trial court issued its decision on July 3, 2012, and an accompanying order on July 6, 2012. Without taking any additional evidence,[3] the trial court held that the Board correctly determined that Shaw's appeal was procedural under Section 1002–A(b) of the MPC. (Tr. Ct. Opin. at 3.) In doing so, the trial court cited the Board's reasoning that Shaw's challenges regarding notice and the adequacy of the amount of time allotted for public comment were both procedural, and that Shaw's argument regarding whether Ordinance No.2056 was a text amendment or a map change was nothing more than a predicate to a procedural challenge. (*Id.*) The trial court also stated that Shaw himself characterized his appeal as a procedural appeal on several documents in the matter. (*Id.* at 4.) Thus, the trial court concluded that the Board lacked jurisdiction over Shaw's appeal. (*Id.*)

The trial court also held that Ordinance No.2056 constituted a text amendment rather than a map change. (*Id.*) The trial court again cited the Board's reasoning that if Shaw's appeal was successful, the substance of Ordinance No.2056 would not be altered in any way, and that no zoning

---

**3.** In rendering its decision, the trial court appears to have relied upon the record created before the Board in Shaw's appeal.

district increased or decreased in size, no boundary was moved, no zoning district designation was added or eliminated, and no tract was rezoned. (*Id.*)

Finally, the trial court determined that the appeal filed by Shaw and Cain–Mannix was untimely under Section 5571.1(b) of the Judicial Code. (*Id.* at 3–4.) The trial court noted that pursuant to the Township's Home Rule Charter, the effective date of Ordinance No.2056 was the date of post-enactment publication, which occurred in the *Pittsburgh Post–Gazette* on October 27, 2011. (*Id.*) The trial court, therefore, determined that a procedural appeal must have been filed by November 26, 2011, and that the appeal filed by Shaw and Cain–Mannix was not filed until January 30, 2012. (*Id.* at 4.) Cain–Mannix then appealed the trial court's order to this Court.[4]

On appeal,[5] Cain–Mannix argues that the trial court erred in concluding that Ordinance No.2056 is a text amendment rather than a map change and that Ordinance No.2056 is invalid because the Township failed to follow the proper notice procedures for map changes as provided

by the MPC and the Township's zoning code. Cain–Mannix also argues that the trial court erred in concluding that her appeal is untimely under Section 5571.1 of the Judicial Code.

■ We first address the issue of whether Ordinance No.2056 constitutes a text amendment rather than a map change.[6] Cain–Mannix argues that Ordinance No.2056 constitutes a map change, because it effectively rezones the Property, placing it in its own newly-created zoning district located within the existing special business district. In support of this argument, Cain–Mannix contends that the Township has created an entirely new zoning classification, which is targeted at the Property and comprehensively changes the nature of the Property's zoning in a manner that is substantially different from all of the other properties in the special business district. In response, the Township and the Developer argue that Ordinance No.2056 constitutes a text amendment, because it does not add or eliminate zoning districts or change the boundaries of existing zoning districts. The Township and

---

**4.** Shaw also appealed from the trial court's order to this Court on August 6, 2012, but he discontinued the appeal on September 6, 2012. (R.R. at 3a.) Neither Shaw nor the Board filed a brief or otherwise participated in the appeal now before us.

**5.** "This Court reviews the trial court's findings and conclusions to determine whether the trial court committed an error of law or abused its discretion." *Streck v. Lower Macungie Twp. Bd. of Comm'rs*, 58 A.3d 865, 870 n. 7 (Pa.Cmwlth.2012).

**6.** Although we would ordinarily address the issue of whether Cain–Mannix's appeal is timely as a preliminary matter, the disposition of this issue requires us to determine whether Ordinance No.2056 is a text amendment or a map change. Under Section 5571.1(b) of the Judicial Code, an appeal challenging the procedural validity of an ordinance must be brought within 30 days of the intended effec-

tive date of the ordinance. The parties do not dispute that Shaw and Cain–Mannix filed their appeal beyond this 30-day limitation. Nevertheless, Section 5571.1(c) of the Judicial Code provides that an appeal is exempt from the 30-day limitation if the appealing party "establishes that, because of the particular nature of the alleged defect in statutory procedure, the application of the time limitation under subsection (b) would result in an impermissible deprivation of constitutional rights." Here, the alleged defect in statutory procedure is that the Township did not follow the notice requirements for enacting a map change. Importantly, Cain–Mannix makes no allegation of a defect in statutory procedure if Ordinance No.2056 constitutes a text amendment. Thus, our consideration of whether Ordinance No.2056 constitutes a text amendment or a map change at the outset is proper.

Developer assert that Ordinance No.2056 simply allows for mixed use developments in the special business district as a conditional use in addition to all other uses that are already permitted. The Township and the Developer also argue that it is irrelevant that the Property is currently the only tract of land to which the new conditional use can be applied pursuant to Ordinance No.2056.

Our decision in *Takacs v. Indian Lake Borough Zoning Hearing Board*, 11 A.3d 587 (Pa.Cmwlth.2010), is instructive. In *Takacs*, the Court considered the validity of an ordinance that "added uses to some ... zoning districts, including the addition of multi-family structures and commercial boat docking as permitted uses in the Commercial–Recreational (C–R) District." *Takacs*, 11 A.3d at 591. The appellant argued, *inter alia*, that the ordinance was invalid because the addition of the permitted uses in the C–R District constituted a zoning map change and the municipality did not follow the proper notice requirements for such a change. *Id.* at 593. In rejecting that argument, the Court noted that generally, "the addition of permitted uses to a zoning district does not constitute a zoning map change." *Id.* In so doing, the Court contrasted the mere addition of permitted uses to a zoning district to the alteration of a zoning district's boundaries

and the addition of new zoning districts. *Id.* at 593 n. 7.

Here, Ordinance No.2056 appears at first glance to merely add mixed use development as a conditional use in the special business district and, thus, would be characterized as a text amendment under *Takacs*. Specifically, the Township did not overtly add or eliminate a zoning district or change the boundaries of existing zoning districts through the enactment of Ordinance No.2056, and Ordinance No. 2056's provisions apply to all tracts of land located within the special business district that meet the eligibility criteria. Nevertheless, upon closer examination of Ordinance No. 2056's provisions, it is clear that this matter is more akin to a situation in which a municipality adds or eliminates zoning districts or alters their boundaries.

First, although Ordinance No.2056 purports merely to add "mixed use development" to the special business district as a single conditional use, Ordinance No.2056 actually adds over 20 individual uses that are permitted as a part of a mixed use development.[7] (R.R. at 100a–101a.) This is in stark contrast to the addition of the two permitted uses to the C–R District in *Takacs*. Furthermore, Ordinance No.2056 added nearly 15 full pages of provisions to the special business district zoning provi-

---

7. Pursuant to Ordinance No.2056, the following uses are permitted as a part of a mixed use development: single-family detached dwellings; single-family attached dwellings; two-family dwellings; multi-family dwellings; art, antique, and interior decorating shops; bakeries; banks and other financial institutions; business services; catering services; domestic pet shops; day care centers; drugstores and pharmacies; florists; food stores; health clubs; laundry and dry cleaning; music stores; parking facilities; personal services; photographic studios; printing shops; professional office and commercial office uses; restaurants; retail; supermarkets; and veterinary hospitals. (R.R. at 100a–101a.)

Prior to the amendment, the uses permitted by right or as conditional uses in the special business district were uses such as public utility facilities, professional offices, and oil and gas drilling operations, among others. Section 130.13.2 of the Zoning Code of Township of Upper St. Clair. The purpose of the special business district was "[t]o provide for the demand for suburban business service and professional offices, including the supporting facilities that these offices may require, and to meet the needs of the resident population for convenience in obtaining professional services." Section 130.13.1 of the Zoning Code of Township of Upper St. Clair.

sions of the Township's zoning code. These provisions all relate to the addition of mixed use development as a conditional use in the special business district and provide, *inter alia*, a multitude of requirements that must be met in order for the Township to approve a mixed use development. These requirements do not otherwise apply to the special business district. Hence, Ordinance No. 2056 did not simply add a conditional use. Rather, it created a comprehensive zoning scheme that, in essence, created a new zoning district within the existing special business district.

■ Second, the newly created comprehensive zoning scheme discussed above applies to a discrete area within the existing special business district, particularly the Property. In rendering a decision on whether the addition of the permitted uses constituted a zoning map change, this Court in *Takacs* did not appear to consider whether the ordinance at issue singled out a particular tract of land within the C–R District to which the new permitted uses applied.[8] Whether an ordinance singles out a tract of land to which the ordinance is to apply is relevant to, although not dispositive of, the issue of whether the ordinance constitutes a text amendment or a map change. It is relevant to the extent

that the ordinance affects the zoning of the particular tract of land in relation to other surrounding tracts of land located in the same zoning district. Specifically, if an ordinance contains changes that are so comprehensive in nature as to result in a substantial change to the manner in which the tract of land is zoned in comparison to the surrounding tracts of land that were similarly zoned, then that ordinance will constitute a map change.

Here, Ordinance No. 2056 requires that in order for a tract of land to be eligible for mixed use development, the tract must be at least 25 contiguous acres under the same ownership at the time of conditional use approval. (R.R. at 86a.) It appears that the Property is currently the only tract of land that meets these eligibility requirements. Of more import, however, is that in addition to singling out the Property, Ordinance No. 2056 added over 20 new uses and multiple pages of requirements that must be met in order for the Developer to engage in those uses. As a result, Ordinance No. 2056 substantially changed the character of the Property's zoning in relation to other tracts of land remaining in the special business district that are not eligible for mixed use development.[9]

8. The Court, however, did address this consideration in disposing of the appellant's spot zoning arguments. *Takacs*, 11 A.3d at 594–95, 598 n. 14. Specifically, the appellant in *Takacs* argued that the municipality engaged in illegal spot zoning because although the permitted uses applied to land other than the lakefront tract located within the particular C–R district at issue, the other "land could not, as a practical matter, be used for multi-family structures or commercial boat docks." *Id.* at 594–95. In rejecting the appellant's argument, we noted that, for obvious reasons, commercial boat docks could not be placed on land other than lakefront property, and that the appellant did not challenge the trial court's determination that the addition of the commercial boat docks as a permitted use to

the lakefront property was justified. *Id.* at 595. Moreover, we noted that it was unclear as to whether the other C–R District property was eligible for multi-family dwelling development due to sewage management issues. *Id.*

9. The Township and the Developer argue that nothing in Ordinance No. 2056 prevents other tracts of land from becoming eligible for mixed use development in the future, pointing out that owners of land in the special business district could apply for a variance or the Township could make changes to its zoning map to allow for other tracts of land to meet Ordinance No. 2056's eligibility requirements. Though this may be true, it has no impact on our analysis above.

In summary, in enacting Ordinance No.2056, the Township effectively placed the Property in a new zoning district and, consequently, altered the boundaries of the special business district in which the Property sits. Put another way, the Township accomplished through a purported text amendment what should have been done properly through a map change. Thus, we conclude that the trial court erred in determining that Ordinance No.2056 constituted a text amendment rather than a map change.[10]

██ We next address whether the trial court erred in determining that the joint action filed by Shaw and Cain–Mannix was untimely under Section 5571.1 of the Judicial Code. Cain–Mannix argues that, under Section 5571.1(c) of the Judicial Code, the joint action is exempt from the 30–day time limitation provided in Section 5571.1(b) of the Judicial Code.[11]

**10.** Throughout various filings in this matter, Cain–Mannix asserts that the characterization of Ordinance No.2056 as a text amendment would deny Cain–Mannix and others the opportunity to bring a spot zoning challenge with regard to Ordinance No.2056 and would provide municipalities with a legal mechanism for creating spot zones. Cain–Mannix does not cite, and we are unaware of, any legal authority providing that a party is prohibited from bringing a spot zoning challenge when an ordinance is characterized as a text amendment rather than a map change. Indeed, in *Takacs*, after determining that the addition of permitted uses to a zoning district via the enactment of an ordinance did not constitute a map change, this Court went on to address the merits of the spot zoning challenges asserted by the appellant. *Takacs*, 11 A.3d at 593–98. Nevertheless, because Cain–Mannix does not raise a spot zoning challenge here, we do not address that question in this appeal.

**11.** Alternatively, Cain–Mannix argues that the restrictions placed on challenges to the procedural validity of ordinances provided in Section 5571.1 of the Judicial Code constitute an

The relevant provisions of Section 5571.1 are as follows:

**(b) Appeals of defects in statutory procedure.—**

(1) Any appeal raising questions relating to an alleged defect in statutory procedure shall be brought within 30 days of the intended effective date of the ordinance.

(2) Except as provided in subsection (c), it is the express intent of the General Assembly that this 30–day limitation shall apply regardless of the ultimate validity of the challenged ordinance.

**(c) Exemption from limitation.—**An appeal shall be exempt from the time limitation in subsection (b) if the party bringing the appeal establishes that, because of the particular nature of the alleged defect in statutory procedure, the application of the time limitation un-

impermissible limitation on a party's right to challenge the procedural validity of an ordinance, in direct violation of our Supreme Court's holding in *Glen–Gery Corporation v. Zoning Hearing Board of Dover Township*, 589 Pa. 135, 907 A.2d 1033 (2006). *Glen–Gery* was decided prior to Section 5571.1's enactment, however, and the courts have since acknowledged that Section 5571.1 was enacted in direct response to *Glen–Gery*, upholding its constitutionality. *See Messina v. E. Penn Twp.*, —— Pa. ——, 62 A.3d 363 (2012) ("We affirm the Commonwealth Court's order, upholding ... [Section] 5571.1."); *Messina v. E. Penn Twp.*, 995 A.2d 517, 539 (Pa.Cmwlth. 2010) (concluding that "[t]he reasoning employed ... in *Hawk* regarding the constitutionality of Section 5571.1 applie[d]" and that there was "no reason to alter course on th[e] issue"), *aff'd*, —— Pa. ——, 62 A.3d 363 (2012); *Hawk v. Eldred Twp. Bd. of Supervisors*, 983 A.2d 216, 221, 225–27 (Pa.Cmwlth. 2009) (providing that General Assembly responded to *Glen–Gery* by passing Section 5571.1 and holding that "Section 5571.1 is constitutional"), *appeal denied*, 608 Pa. 671, 13 A.3d 481 (2010). Thus, Cain–Mannix's argument in this regard is without merit.

der subsection (b) would result in an impermissible deprivation of constitutional rights.

. . . .

(g) **Definitions.**—As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

"Intended effective date." Notwithstanding the validity of the challenged ordinance, the effective date specified in the challenged ordinance or, if no effective date is specified, the date 60 days after the date the ordinance would have been finally adopted but for the alleged defect in the process of enactment or adoption.

42 Pa.C.S. § 5571.1.

Here, the trial court determined that the joint action filed by Shaw and Cain–Mannix was untimely under Section 5571.1(b) of the Judicial Code.[12] The trial court, however, did not address whether Shaw and Cain–Mannix's joint action qualified for the exemption from Section 5571.1(b)'s time limitation provided in Section 5571.1(c) of the Judicial Code. As noted above, Section 5571.1(c) provides that an appeal challenging the procedural validity of an ordinance will be exempt from the 30–day limitation provided in Section 5571.1(b) "if the party bringing the appeal establishes that, be-

cause of the particular nature of the alleged defect in statutory procedure, the application of the time limitation under subsection (b) would result in an impermissible deprivation of constitutional rights." The trial court made no findings of fact or conclusions of law regarding the procedural steps the Township took in enacting Ordinance No.2056 or whether those steps were sufficient such that there was no constitutional violation. Consequently, a remand to the trial court is appropriate.

Accordingly, we reverse the order of the trial court to the extent that the trial court determined that Ordinance No.2056 constituted a text amendment. We vacate the trial court's order insofar as the trial court determined that the joint action filed by Shaw and Cain–Mannix was untimely, and we remand the matter to the trial court for the issuance of findings of fact and conclusions of law regarding whether, under Section 5571.1(c) of the Judicial Code, the joint appeal is exempt from the 30–day time limitation provided in Section 5571.1(b) of the Judicial Code. If the trial court determines that the joint action is not time-barred, the trial court is further instructed to decide the matter on the merits.[13]

Judge McCULLOUGH did not participate in the decision of this case.

---

**12.** Notably, Ordinance No.2056 does not specify an effective date and, thus, it would appear that Section 5571.1(g) of the Judicial Code establishes the method to be used in calculating the effective date of Ordinance No.2056. Nevertheless, as noted above, the trial court relied upon the Township's Home Rule Charter as the basis for calculating the effective date of Ordinance No.2056 and the time by which Shaw and Cain–Mannix's challenge had to be filed. The parties do not contest the trial court's use of the Township's Home Rule Charter in determining the timeliness of the joint appeal. We note, however, that even if the Township's Home Rule Charter did not apply, Shaw and Cain–Mannix's joint action would still be untimely under

Section 5571.1(b) using the method of calculation provided in Section 5571.1(g). Ordinance No.2056 was adopted on October 3, 2011. (R.R. at 85a.) Under Section 5571.1(g), the intended effective date of Ordinance No.2056 would be 60 days from that date, or December 2, 2011. Thus, under Section 5571.1(b), Shaw and Cain–Mannix would have been required to file their appeal by January 1, 2012. Because Shaw and Cain–Mannix did not file their appeal until January 30, 2012, the appeal is untimely using this method of calculation as well.

**13.** Consequently, we do not address Cain–Mannix's argument that the Township failed

## ORDER

AND NOW, this 5th day of July, 2013, the order of the Court of Common Pleas of Allegheny County (trial court) is hereby REVERSED insofar as the trial court determined that Ordinance No. 2056 constituted a text amendment. It is further ordered that the trial court's order is hereby VACATED insofar as the trial court determined that the joint action filed by Jarrod D. Shaw and Moira E. Cain–Mannix was untimely. This matter is REMANDED to the trial court to render findings of fact and conclusions of law regarding whether the joint appeal filed by Jarrod D. Shaw and Moira E. Cain–Mannix is exempt from the time limitation set forth in Section 5571.1(b) of the Judicial Code [14] and, if so, to render a decision on the merits accordingly.

Jurisdiction relinquished.

to satisfy the notice requirements for a map change, rendering Ordinance No.2056 void, at this time.

