Willey Appeal.

Argued March 21, 1960. Before JONES, C. J., MUS-MANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Loyal H. Gregg,* with him *Harry Shapera,* and *Gregg & Price,* for appellants.

*H. S. Dunn,* Assistant City Solicitor, with him *David Stahl,* City Solicitor, for Pittsburgh, appellee.

*D. W. Craig,* for property owner, appellee.

OPINION BY MR. JUSTICE COHEN, April 18, 1960:

This is an appeal by residents of the 14th Ward of the City of Pittsburgh (appellants) from an order of the County Court of Allegheny County, affirming a decision of the Zoning Board of Adjustment of the City of Pittsburgh and permitting the Pittsburgh Golf Club to construct an outdoor swimming pool, bathhouse and a canteen pursuant to §1401-4 of the 1958 Zoning Ordinance of the City of Pittsburgh (Ordinance No. 192, approved May 10, 1958).

The zoning ordinance in question was introduced in City Council on March 10, 1958, and was referred to the Committee on Public Works. On March 11, 1958, the Committee on Public Works read the Bill and directed that notices of hearing on April 1, 1958, be advertised. Such notices were accordingly advertised and from March 19, 1958, to March 31, 1958, there were eight hearings held on the proposed zoning law in various sections of the city. On April 1, 1958, City Council held its formal hearing on the Bill as advertised.

Throughout all of these hearings, Section 1401-4 of the proposed provision governing permitted uses in an "I" Institutional-Civic District read as follows: "Club, private with limited membership and social ac-

tivities, provided the major purpose is of civic nature and non-commercial."

On April 29, 1958, the Committee on Public Works, without public notice or a hearing, amended Paragraph 4 of §1401 to read as follows: "Club, private and non-commercial, with limited membership having on the premises facilities structurally designed to provide accommodations for residential use, for sports and athletic events, or for civic or charitable functions, in addition to, and apart from, eating and drinking accommodations, if any."

Shortly after enactment of the ordinance, the appellee Pittsburgh Golf Club applied to the City and was issued building permits to construct an outdoor swimming pool, a bathhouse and a canteen. Upon an appeal by appellants from the issuance of those permits, the zoning board of adjustment affirmed the building inspector's determination that the proposed uses were permitted under §1401-4 of the new ordinance. The County Court of Allegheny County, upon further appeal, affirmed the decision of the zoning board. Appellants' exceptions to the trial judge's ruling were dismissed by the court en banc and this appeal followed.

Appellants' main contention is that §1401-4 of the ordinance is invalid because its passage did not comply with the enabling act pursuant to which it was enacted. The Act of March 31, 1927, P. L. 98, No. 69, §5, 53 PS §25055, provides, in relevant part, as follows: ". . . no such [zoning] regulation, restriction or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. . . ." The argument propounded is that since no public hearing was held concerning the amended language of §1401-4, the provision is invalid.

The rule we have established as to the necessity for holding additional public hearings on amendments to proposed ordinances was clearly stated in *Schultz v. Philadelphia*, 385 Pa. 79, 82, 122 A. 2d 279 (1956), wherein we said, "While it is obvious that an insignificant amendment made to a proposed ordinance after advertisement and a public hearing does not require a re-advertisement and public hearing the case is clearly otherwise if the amendment is substantial in relation to the legislation as a whole." Appellants contend that the insertion of language permitting "facilities . . . for sports and athletic events" constitute a substantial amendment within the meaning of the test enunciated in *Schultz*. We find no merit in this contention.

For an amendment to be "substantial" within the *Schultz* rule there must be a significant disruption of the continuity of the proposed legislation or some appreciable change in the overall policy of the bill. The instant change did not add or delete any permitted use; it did not change a district boundary or classification, nor did it vary any regulation. It merely rephrased a more meaningful definition of the type of private, noncommercial clubs allowable in an "I" Institutional-Civic District. An examination of the other kinds of permitted uses in such a district[1] reveals that the kind of clubs described by the amended language is clearly consistent with the character and nature of the uses permitted in the newly established "I" Insti-

---

[1] Section 1401—Use . . . . Permitted uses are: 1. Apartment hotel, . . . . 2. Civic and cultural building. . . . 3. Clinic, psychiatric, child guidance, medical research and the like, non-profit; . . . . 5. Fraternal organization or society. . . . 6. Government building. . . . 7. Hotel. . . . 8. Multiple-family dwelling, . . . . 9. Office building: . . . . 10. Pharmacy, . . . . 11. Radio or television broadcasting station, . . . . 12. Research building, . . . . 13. Accessory use and structure customarily incident to any of the above uses. . . .

tutional-Civic District. Accordingly, we hold that further advertisement and public hearings were unnecessary, and that §1401-4 of the 1958 Pittsburgh Zoning Ordinance was validly enacted.

Having established this, we need spend little time on whether the appellee's proposed use of its property is authorized by §1401-4. We agree with the zoning board that an outdoor swimming pool with its attendant bathhouse and canteen are plainly "facilities structurally designed for sports and athletic events."

Order affirmed with costs on appellants.