587 A.2d 30

**SAVE OUR LOCAL ENVIRONMENT II, Lawrence P. and Linda Korpalski, Charles Wassel, Kenneth Powley and Thomas Meyers, Sr., Appellants,**

v.

**FOSTER TOWNSHIP BOARD OF SUPERVISORS and Beltrami Enterprises, Inc. t/a Tri–County Sanitation Company, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1990.

Decided Feb. 6, 1991.

Reargument Denied March 25, 1991.

---

506

John E. Childe, Jr., Hummelstown, for appellants.

George R. Hludzik, Hazleton, for appellee, Foster Tp.

Leonard N. Zito, Zito, Martino & Karasek, Bangor, for appellee, Beltrami Enterprises.

Before McGINLEY and KELLEY, JJ., and CRUMLISH, Jr., Senior Judge.

## OPINION

CRUMLISH, Jr., Senior Judge.

A citizen's group known as Save Our Local Environment II (SOLE II) appeals a Luzerne County Common Pleas Court order granting Beltrami Enterprises' (Beltrami) motion for summary judgment. We reverse.

Beltrami applied for a curative amendment to the Foster Township zoning ordinance which would allow him to use 3300 acres of his land for solid waste disposal. The Board of Supervisors conducted public hearings on Beltrami's proposal. After these hearings were closed, Beltrami submitted modifications to the amendment he originally proposed.

The post-hearing modifications included: (1) new definitions of the terms "solid waste disposal facilities" and "conditional uses"; (2) inclusion of waste processing and waste disposal facilities as a conditional use in an I–1 (General Industrial) District, rather than the permitted use for which Beltrami had previously applied; and (3) reclassification of an A–1 (Agricultural) district to an I–1B (Industrial) district.

The Foster Township Board of Supervisors (Board) approved the curative amendment with these modifications. When SOLE II appealed the decision to the common pleas court, Beltrami intervened and moved for summary judgment. The common pleas court granted summary judgment to Beltrami when it found no factual issue remained for resolution. This appeal followed.

■ At the outset, we note that appeals in zoning cases are governed exclusively by the Municipalities Planning Code (MPC), 53 P.S. §§ 11001–A to 11006–A. Thus, there is no provision therein that renders Rule 1035(a) of the Pennsylvania Rules of Civil Procedure, authorizing summary judgment motions, applicable in this statutory appeal. Rather, Section 1005–A of the MPC provides that, on appeal to the common pleas court, if the court does not take additional evidence, the decision of the governing body must

be upheld if supported by substantial evidence. 53 P.S. § 11005–A. Consequently, we shall treat this appeal from the trial court's grant of summary judgment as though the trial court had made its decision on the merits without taking additional evidence. Thus, our scope of review is to determine whether the Board abused its discretion or erred as a matter of law in allowing the curative amendment to be modified without public hearing. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

■ Section 609(d) of the Municipalities Planning Code, 53 P.S. § 10609(d), states: "[i]f, after any public hearing held upon an amendment, the proposed amendment is changed substantially, or is revised, to include land previously not affected by it, the governing body shall hold another public hearing, pursuant to public notice, before proceeding to vote on the amendment."

In *Graack v. Board of Supervisors of Lower Nazareth Township,* 17 Pa. Commonwealth Ct. 112, 330 A.2d 578 (1975), this Court held that additional public hearings are not necessary if an amendment to an ordinance is insignificant. That is *not* the case, however, if the modification is substantial in relation to the legislation as a whole. Thus, Beltrami can prevail only if the modifications are insignificant.

Our Supreme Court in *Willey Appeal,* 399 Pa. 84, 160 A.2d 240 (1960), stated that a change in zoning classification was one type of change which could be substantial. In this case, the post-hearing modification of the zone from agricultural to industrial amounts to a significant change. This reason alone is sufficient to overturn the trial court's decision.

In addition, there remains a question on the significance of the change in use classification. The modification which changed Beltrami's waste processing and disposal use from a permitted to conditional, is not in itself significant. *Sweigart Appeal,* 117 Pa. Commonwealth Ct. 84, 91, 544 A.2d

74, 78 (1988). However, the Township in this case *automatically* granted Beltrami a conditional use without requiring it to reapply pursuant to the ordinance.[1]

Finally, the modifications also included new definitions for "solid waste disposal facility" and for "conditional uses". While the court noted that the changed definitions were more stringent than those in Beltrami's proposed curative amendment, because the definitions *differ*, they could have a significant effect on Township regulation of these types of facilities, not only for Beltrami's application but for other potential applications.

Thus, we hold that the Board violated Section 609(d) by allowing substantial changes to Beltrami's proposed curative amendment without first holding public hearings.

Accordingly, we reverse the common pleas court's decision.

## ORDER

And now, the order of the Court of Common Pleas of Luzerne County, issued December 4, 1989, at No. 5954–C of 1987 is hereby reversed.

---

1. In *Sweigart,* the petitioner sought a curative amendment to allow high density housing as a permitted use in a residential district. After a public hearing, the Township changed the amendment to allow this use as conditional. The Petitioner thereafter filed a conditional use application which was ultimately denied. *Id.,* 117 Pa.Commonwealth. Ct. at 87, 544 A.2d at 76–77.