Jurisdiction relinquished.

**LAMAR ADVANTAGE GP COMPANY, LLC, a Delaware Limited Liability Company, Appellant**

v.

**CITY OF PITTSBURGH.**

Commonwealth Court of Pennsylvania.

Argued April 16, 2013.

Decided April 30, 2013.

Jonathan M. Kamin, Pittsburgh, for appellant.

Jason T. Zollett, Assistant City Solicitor, Pittsburgh, for appellee.

BEFORE: PELLEGRINI, President Judge, LEADBETTER, Judge (P.), and LEAVITT, Judge.

OPINION BY President Judge PELLEGRINI.

Lamar Advantage GP Company, LLC (Lamar) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) finding that Council Bill No.2011–1916 was validly enacted by Pittsburgh City Council (City Council). For the reasons that follow, we affirm the trial court.

On March 9, 2010, Council Bill No.2010–0216 was introduced into City Council. It amended Title Nine (Zoning), Chapters 907, 919 and 921 of the Pittsburgh Code "by revising various sections relating to Electronic Message Signs, creating a definition and requirements for Electronic Advertising Signs and Temporary Event Banners and clarifying abandonment of nonconforming advertising signs." (Reproduced Record (R.R.) at 48a). The bill was referred to the City of Pittsburgh Planning Commission (Planning Commission) for its report and recommendation.[1] Following a public hearing,[2] the Planning Commission proposed amendments to the bill and forwarded them to City Council on July 7, 2011.

On July 19, 2011, legislation incorporating the proposed changes was introduced and given a new number (Bill No.2011–

---

1. Section 4 of the Second Class City Code, Act of March 31, 1927, P.L. 98, 53 P.S. § 25054, provides, in relevant part, "council shall not hold its public meetings or take action until it has received the final report of [the planning] commission." Additionally, Section 922.05 of the Pittsburgh Code requires that the Planning Commission act to either approve or deny a proposal and provide its recommendation to City Council.

2. Section 319 of Pittsburgh's Home Rule Charter provides that City Council shall not take final action on legislation relating to "land use control, such as zoning, subdivision or planning" without a public hearing, which must be held not less than ten days after publication of notice in a newspaper. The Second Class City Code also requires a public hearing before zoning legislation becomes effective. *See* Section 5 of the Second Class City Code, Act of March 31, 1927, P.L. 98, 53 P.S. § 25055.

1916). When introduced, Council Bill No.2011–1916 was identical to Council Bill No.2010–0216 as amended by the Planning Commission. The first version of Council Bill No.2011–1916 (introduced bill) had the required public hearing on September 27, 2011. Amendments were made to Council Bill No.2011–1916 before it was ultimately passed by City Council on December 19, 2011. The final version of Council Bill No.2011–1916 (final bill) differed from the introduced bill in the following respects:

- Reinstated "Electronic Sign Messages" to the Golden Triangle District;
- Eliminated the provisions for "Community Message Signs";
- Eliminated Electronic Advertising Signs from Local Neighborhood Commercial (LNC) zoning districts;
- Included additional language for existing electronic signs to provide: "Should an existing electronic advertising sign be reconstructed then it shall be subject to review and approval as a new Electronic Advertising Sign in accordance with 919.02.C";
- Reduced the permitted dwell time and brightness levels for Electronic Advertising Signs, Electronic Non–Advertising Signs and Major Public Destination Facility Electronic Signs;
- Modified regulations regarding Special Signage Design Districts, including modifying and adding language providing for electronic and non-electronic non-advertising signs, eliminating any requirements or restrictions for brightness and allowing City Council to establish brightness requirements in those districts.

(R.R. at 181a–214a). The final bill was submitted to the Mayor for his approval and became effective on December 29, 2011.

■ Lamar appealed to the trial court, alleging that the enactment of Council Bill No.2011–1916 was invalid because it did not follow the procedures outlined in both the Second Class City Code and the Pittsburgh Code. Specifically, Lamar claimed that because Council Bill No.2011–1916 was substantially changed from its original version, it was a new bill requiring City Council to refer this bill to the Planning Commission for its report and recommendation and to conduct another public hearing. In denying Lamar's appeal, the trial court held that the bill was validly enacted because "the overall policy and purpose of the Bill was not disturbed and therefore, the changes are not significant and another hearing was not required." (Trial court's August 3, 2012 Opinion at 3). This appeal followed.[3]

■ On appeal, Lamar again contends that Council Bill No.2011–1916 should be deemed *void ab initio* due to City Council's failure to submit the final bill to the Planning Commission or to re-advertise the bill and conduct another public hearing because the changes made to Council Bill No.2011–1916 were substantial.[4]

■ Amendments to legislation after a public hearing or after review by a body such as a Planning Commission are envi-

---

**3.** This Court exercises *de novo* review that is plenary in scope when reviewing pure questions of law. *Penneco Oil Company, Inc. v. County of Fayette*, 4 A.3d 722, 724 n. 2 (Pa. Cmwlth.2010).

**4.** As a preliminary matter, we note that under Section 5571.1 of the Judicial Code, an ordinance is presumed to be valid and to have been enacted or adopted in strict compliance with statutory procedure. 42 Pa.C.S. § 5571.1(d)(1). When an appeal is brought, the party alleging the defect must meet the burden of proving that there was a failure to strictly comply with statutory procedure. 42 Pa.C.S. § 5571.1(e)(1).

sioned because, otherwise, input from the public hearing would be meaningless. However, amendments that go far beyond the proposed legislation cannot be made without re-advertisement and a new hearing. In *Schultz v. City of Philadelphia*, 385 Pa. 79, 82, 122 A.2d 279, 281 (1956), the Supreme Court addressed the question of when a new public hearing is required because of amendments to an act, stating:

> While it is obvious that an insignificant amendment made to a proposed ordinance after advertisement and a public hearing does not require a re-advertisement and public hearing, the case is clearly otherwise if the amendment is substantial in relation to the legislation as a whole. The object of a public hearing is to enable the legislative body to ascertain preliminarily the views of members of the public in regard to the proposed legislation, but if such views are not sought after the legislation has been substantially amended subsequent to the public hearing the entire purpose of the prescribed procedure would be defeated.

In *Appeal of Hawcrest Association*, 399 Pa. 84, 87, 160 A.2d 240, 242 (1960), the Court explained that "[f]or an amendment to be 'substantial' within the *Schultz* rule there must be a significant disruption of the continuity of the proposed legislation or some appreciable change in the overall policy of the bill."

In *Appeal of Sweigart*, 117 Pa.Cmwlth. 84, 544 A.2d 74 (1988), involving a zoning amendment, we applied that test in considering whether changes to a curative amendment to a zoning ordinance to allow high density housing for the elderly in a borough's R–3 District were substantial enough to warrant a new hearing. In that case, the primary difference between the proposed and adopted amendments was that the adopted amendment changed elderly housing from a permitted use to a conditional use. Other changes included increasing gross lot area and side-yard requirements; changing the regulations which governed front, side and rear-yard requirements; more stringent height regulations; and conditions which afforded the borough council more discretion to accept or deny applications. We held that there was no evidence "of any significant disruption in continuity of the proposed legislation or appreciable change in the overall policy from the proposed to the adopted amendment in that the use as housing for the elderly remained the same," that those changes were "insignificant in relation to the whole of the zoning ordinance amendment," and that re-advertising and rehearing were unnecessary. *Id.* at 78.

█ In this case, we agree with the trial court's conclusion that the changes made between the introduced and final versions of Council Bill No.2011–1916 were not substantial enough to warrant re-advertisement and rehearing. As the trial court recognized, under *Sweigart*, "changes which merely make regulations more stringent than initially proposed are acceptable and do not necessitate the holding of a subsequent public hearing." (Trial court's August 3, 2012 Opinion at 3). Therefore, the final bill's reductions of the permitted brightness and dwell time levels for various types of advertising signs were not substantial enough to warrant another hearing. The changes made regarding Special Signage Design Districts were also insubstantial. The final bill merely added "non-electronic" in addition to "electronic" non-advertising signs, which is not a substantial change. *See Hawcrest*, 399 Pa. at 87, 160 A.2d at 242 (language added to definition of a permitted use did not require new hearing). Additionally, the amendment allowing City Council to establish the brightness requirements for each

of those districts is not substantial under *Sweigart* because it merely affords City Council greater discretion in accepting or denying future applications. Finally, with respect to the reinstatement of "electronic sign messages" in the Golden Triangle and the elimination of the provisions for "Community Message Signs" and electronic advertising signs from LNC districts, the trial court was correct in holding that those changes were not substantial in relation to the legislation as a whole because those modifications do not demonstrate any appreciable change in the overall policy of the bill.[5]

Moreover, because the introduced bill was identical to the previous bill (2010–0216) which had been referred to the Planning Commission for its report and recommendation, City Council was not required to resubmit subsequent versions of the bill with insignificant changes to the Planning Commission for another report and recommendation.

Accordingly, the trial court's order is affirmed.

### ORDER

AND NOW, this *30th* day of *April,* 2013, the order of the Court of Common Pleas of Allegheny County, dated August 3, 2012, at No. SA 12–000059, is affirmed.

---

**5.** In support of its argument, Lamar relies upon a memorandum from the City's Law Department, dated December 6, 2011, recommending that the amended bill be returned to the Planning Commission for a public hearing. However, that memorandum addressed the changes that the **second version** of the bill made to the introduced bill, which included banning all electronic advertising signs in the City. That change was the basis for the Law Department's recommendation to return the second version of the bill to the Planning Commission. As the Law Department explained:

> During its consideration of the [introduced bill], the City had advertised the particular resolve to allow LED Advertising Signs in certain zones by special exception. The potential ban on LED advertising signs was discussed at previous public hearings, but it was never the particular resolve of the City.... However, with the [second version], the City's particular resolve is to ban Electronic/LED Advertising Signs. This is significantly different and has never been vetted by the public while in this form.

(R.R. at 273a). Because all subsequent versions of the bill permitted electronic advertising signs, Lamar's reliance on this memorandum, even if probative, is misplaced.