# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles N. Diefenderfer and : 
Betsy A. Diefenderfer, his wife, : 
                         : 
             Appellants : 
                         : 
             v. :    No. 2324 C.D. 2014
                         : 
Palmer Township Board of Supervisors :    Argued: September 17, 2015

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
               HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE P. KEVIN BROBSON, Judge

**OPINION BY**
**JUDGE COHN JUBELIRER**             **FILED: November 10, 2015**

Charles and Betsy Diefenderfer (Appellants) appeal from the November 24, 2014 Order of the Court of Common Pleas of Northampton County (trial court) dismissing Appellants' land use appeal of a zoning ordinance regulating digital billboards (Ordinance), which was enacted by the Palmer Township Board of Supervisors (Board). On appeal, Appellants contend that the Board's decision to amend the pending Ordinance's regulations, with respect to the permitted hours of illumination for digital billboards, represented a "substantial amendment" to the Ordinance such that the Board was required to advertise a summary of the amendment pursuant to the Pennsylvania Municipalities Planning Code[1] (MPC),

---

[1] Act of July 31, 1968, P.L 805, as amended, 53 P.S. §§ 10101-11202.

prior to enactment of the Ordinance. Because we conclude that the amendment to the Ordinance was substantial, we reverse the Order of the trial court.

## I. BACKGROUND

### a. Enactment of the Ordinance and the Construction of the Billboard

On September 9, 2011, Palmer Township (Township) proposed a new Ordinance that would amend the Township's zoning code in order to allow digital advertising signs and billboards in the Township. (Trial Ct. Op. at 1-2.) On September 13, 2011, the Palmer Township Planning Commission (Commission) discussed the Ordinance, but decided to table the discussion until a later date. (Trial Ct. Op. at 2.) Thereafter, on October 11, 2011, the Commission recommended the approval of the Ordinance to the Board, "provided it was amended to reduce the frequency of inspections from quarterly to annually, and to change the hours . . . digital sign[s] would be illuminated from seventeen (17) to twenty-four (24)." (Trial Ct. Op. at 2.)

The Township advertised the following notice on both November 15 and November 22, 2011 in The Express Times newspaper:

**TOWNSHIP OF PALMER**
**NORTHAMPTON COUNTY**
**PENNSYLVANIA**

The following ordinances will be scheduled for a public hearing and considered for adoption by the Township of Palmer at a regular meeting of the [Board] on Tuesday, November 29, 2011 commencing at 7:00 p.m. in the meeting room of the Palmer Township Library Community Room at 3 Weller Place, Palmer Township, in Northampton County, Pennsylvania.

2

AN ORDINANCE OF PALMER TOWNSHIP, NORTHAMPTON COUNTY, PENNSYLVANIA, AMENDING THE PALMER TOWNSHIP ZONING ORDINANCE SECTION 190-161 LIGHT AND GLARE CONTROL, AND ARTICLE XVIII SIGNS TO ALLOW FOR DIGITAL SIGNS AND ELECTRONICALLY CHANGING MESSAGE SIGNS.

\*\*\*\*

The full text of the proposed Ordinances may be examined by any citizen during normal business hours at the following locations: The Palmer Township Municipal Building, Office of the Secretary, 3 Weller Place, Palmer, Pennsylvania, on the Palmer Township website at www.palmertwp.com.

Charles Bruno, Esquire
Solicitor to Palmer Township

(Trial Ct. Op. at 2-3.)

Thereafter, the Board held a public hearing on November 29, 2011 to consider adoption of the Ordinance. (Trial Ct. Op. at 3.) The first version of the Ordinance, discussed at that hearing, stated that digital signs "shall not be illuminated between the hours of 11:00 p.m. and 6:00 a.m." (Draft Ordinance, Section 190-189.J, R.R. at 24a.) The Board received public comments on the Ordinance at the hearing. (Trial Ct. Op. at 3.) A billboard industry real estate manager stated that billboards should be illuminated 24 hours per day in order to allow displays of emergency messages throughout the night. (Board Minutes at 5, November 29, 2011, R.R. at 83a.) The real estate manager also stated that no one in the billboard industry would be interested in putting digital billboards in the Township if the Ordinance included the restriction on the number of hours. (Board Minutes at 5, November 29, 2011, R.R. at 83a.) Thereafter, the Board authorized the Township solicitor to amend the Ordinance and delete Section 190-189.J, thus,

3

adopting "the Commission's recommendation[] to increase the permitted hours of the digital billboard's illumination from seventeen (17) to twenty-four (24)" hours per day. (Board Minutes at 5, November 29, 2011, R.R. at 83a; Trial Ct. Op. at 3.) The Board also decided to re-advertise the Ordinance, as revised, and place it on the agenda for a hearing scheduled in December. (Trial Ct. Op. at 3.)

Subsequently, the Township advertised the following notice on December 13 and December 20, 2011 in The Express Times:

**TOWNSHIP OF PALMER**
**NORTHAMPTON COUNTY**
**PENNSYLVANIA**

The following Ordinance will be scheduled for a public hearing and considered for adoption by the Township of Palmer at a regular meeting of the [Board] on Tuesday, December 27, 2011 commencing at 7:00 p.m. in the meeting room of the Palmer Township Library Community Room at 3 Weller Place, Palmer Township, in Northampton County, Pennsylvania.

AN ORDINANCE AMENDING THE PALMER TOWNSHIP ZONING ORDINANCE SECTION 190-161 LIGHT AND GLARE CONTROL, AND ARTICLE XVIII SIGNS TO ALLOW FOR DIGITAL SIGNS AND ELECTRONICALLY CHANGING MESSAGE SIGNS.

The full text of the proposed Ordinances may be examined by any citizen during normal business hours at the following locations: The Palmer Township Municipal Building, Office of the Secretary, 3 Weller Place, Palmer, Pennsylvania, on the Palmer Township website at www.palmertwp.com.

Charles Bruno, Esquire
Solicitor to Palmer Township

(Trial Ct. Op. at 3-4.) At the Board's public hearing on December 27, 2011, the Board adopted the revised Ordinance. (Trial Ct. Op. at 4.) The minutes from the

hearing held on December 27, 2011 do not reflect that there were any public comments on the Ordinance prior to its adoption. (Board Minutes at 3, December 27, 2011, R.R. at 37a.) The final version of the Ordinance did not include any restrictions on the hours when billboards could be illuminated. (Ordinance, R.R. at 94a.)

Appellants did not appear at either the November 29, 2011 or December 27, 2011 public Board hearings. (Trial Ct. Op. at 4.) From March to July 2013, however, Appellants regularly appeared at the Board's general business meetings "to comment on the operation and construction of a digital sign on a parcel of property located near their residence."[2] (Trial Ct. Op. at 4.) The digital sign is located on Route 22, facing Appellants' home. (Board Minutes at 2, March 4, 2013, R.R. at 97a.) In addition to Appellants, many other citizens voiced their

---

[2] At one such meeting, Appellant, Betsy Diefenderfer, explained that the sign:

> is a quality of life issue for her. She said she suffers from fibromyalgia . . . Our bedroom is in the back of the house and the walls are bright. In our recreation room I'm watching the colors of the light come through from underneath my deck. My bedroom is flashing and I'm not sleeping – this makes me feel worse. . . . . our house is so lit up, turning it down won't help, you should turn it off.

(Board Minutes at 4-5, March 11, 2013, R.R. at 102a-03a.) At another meeting, Betsy Diefenderfer explained that:

> we are really affected by the light [from the sign]. Our whole house is saturated with this light. It bounces off our addition and comes in our window and on to our wall. I can open a Tylenol bottle without turning on a light at night and line up the little arrow on the bottle. The other night I was awakened at 3 a.m. with such a bright light.

(Board Minutes at 8, May 6, 2013, R.R. at 129a.)

5

concerns about the digital sign at these meetings. (Board Minutes at 3-6, March 11, 2013, R.R. at 101a-04a.)

On November 27, 2013, Appellants filed a land use appeal with the trial court, arguing that the Ordinance should be declared null and void because the Board had not complied with the notice requirements of Section 610 of the MPC[3] in adopting the Ordinance. (Land Use Appeal at 4-7, R.R. at 11a-14a.) In particular, Appellants alleged that the published summary of the Ordinance did not comply with Section 610(a) of the MPC, 53 P.S. § 10610(a), and that the notice published prior to the December 27, 2011 hearing did not comply with Section 610(b) of the MPC, 53 P.S. § 10610(b), because it did not include a summary of the amendment to the original version of the Ordinance, i.e. the increase in the permitted hours of illumination from 17 to 24 hours per day. (Land Use Appeal at 4-5, R.R. at 11a-12a.)

---

[3] 53 P.S. § 10610. Section 610 of the MPC provides, in relevant part, that:

(a) Proposed zoning ordinances and amendments shall not be enacted unless notice of proposed enactment is given in the manner set forth in this section . . . Publication of the proposed ordinance or amendment shall include either the full text thereof or the title and a brief summary, prepared by the municipal solicitor and setting forth all the provisions in reasonable detail.

. . .

(b) In the event substantial amendments are made in the proposed ordinance or amendment, before voting upon enactment, the governing body shall, at least ten days prior to enactment, readvertise, in one newspaper of general circulation in the municipality, a brief summary setting forth all the provisions in reasonable detail together with a summary of the amendments.

Id.

*b. Proceedings before the trial court*

In considering Appellants' land use appeal, the trial court concluded that the appeal was governed by Section 5571.1 of the Judicial Code.[4] (Trial Ct. Op. at 5.)

---

[4] 42 Pa. C.S. § 5571.1. Section 5571.1 provides, in relevant part, that:

**(a) Applicability; court of common pleas.--**

(1) This section shall apply to any appeal raising questions relating to an alleged defect in the process of or procedure for enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision.

(2) An appeal pursuant to this section shall be to the court of common pleas.

**(b) Appeals of defects in statutory procedure.--**

(1) Any appeal raising questions relating to an alleged defect in statutory procedure shall be brought within 30 days of the intended effective date of the ordinance.

(2) Except as provided in subsection (c), it is the express intent of the General Assembly that this 30-day limitation shall apply regardless of the ultimate validity of the challenged ordinance.

**(c) Exemption from limitation.--**An appeal shall be exempt from the time limitation in subsection (b) if the party bringing the appeal establishes that, because of the particular nature of the alleged defect in statutory procedure, the application of the time limitation under subsection (b) would result in an impermissible deprivation of constitutional rights.

**(d) Presumptions.--**Notwithstanding any other provision of law, appeals pursuant to this section shall be subject to and in accordance with the following:

(1) An ordinance shall be presumed to be valid and to have been enacted or adopted in strict compliance with statutory procedure.

(2) In all cases in which an appeal filed in court more than two years after the intended effective date of the ordinance is allowed to proceed in accordance with subsection (c), the political subdivision involved and residents and landowners within the political subdivision shall be presumed to have substantially relied upon the validity and effectiveness of the ordinance.

*(Continued…)*

7

(3) *An ordinance shall not be found void from inception unless the party alleging the defect in statutory procedure meets the burden of proving the elements set forth in subsection* (e).

**(e) Burden of proof.--***Notwithstanding any other provision of law, an ordinance shall not be found void from inception except as follows*:

(1) In the case of an appeal brought within the 30-day time limitation of subsection (b), the party alleging the defect must meet the burden of proving that there was a failure to strictly comply with statutory procedure.

(2) In the case of an appeal which is exempt from the 30-day time limitation in accordance with subsection (c), the party alleging the defect must meet the burden of proving each of the following:

(i) That there was a failure to strictly comply with statutory procedure.

(ii) That there was a failure to substantially comply with statutory procedure which resulted in insufficient notification to the public of impending changes in or the existence of the ordinance, so that the public would be prevented from commenting on those changes and intervening, if necessary, or from having knowledge of the existence of the ordinance.

(iii) That there exist facts sufficient to rebut any presumption that may exist pursuant to subsection (d)(2) that would, unless rebutted, result in a determination that the ordinance is not void from inception.

**(f) Void ordinances.--**A determination that an ordinance is void from inception shall not affect any previously acquired rights of property owners who have exercised good faith reliance on the validity of the ordinance prior to the determination.

**(g) Definitions.--**As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

"Intended effective date." Notwithstanding the validity of the challenged ordinance, the effective date specified in the challenged ordinance or, if no effective date is specified, the date 60 days after the date the ordinance would have been finally adopted but for the alleged defect in the process of enactment or adoption.

"Ordinance." An ordinance, resolution, map or similar action of a political subdivision.

*(Continued…)*

Because the appeal was filed more than 30 days after adoption of the Ordinance, the trial court determined that Appellants needed to satisfy the exception under Section 5571.1(c) and demonstrate a deprivation of constitutional rights. (Trial Ct. Op. at 8.) The trial court held that "[l]and ownership will be protected by substantive due process where a governmental decision impinges upon a landowner's use and enjoyment of property" and that there is a "recognized private constitutional interest in the use and enjoyment of one's property, and property owners have a constitutionally protected right to enjoy their property." (Trial Ct. Op. at 9 (citing Messina v. East Penn Township, 62 A.3d 363, 370 (Pa. 2012)).)

The trial court determined that Appellants' "use and enjoyment of their property ha[d] been impacted by the erection of the digital billboard at issue." (Trial Ct. Op. at 9.) Specifically, the trial court noted that Appellant Charles Diefenderfer testified in his deposition "that the light from the digital billboard illuminates multiple bedrooms in their house at night which interferes with their ability to sleep." (Trial Court Op. at 9.) The trial court also noted that Appellant Betsy Diefenderfer stated in her deposition that "the billboard light entering their home at night causes problems with her sleep, which impacts her and her husband's use and enjoyment of their property." (Trial Ct. Op. at 9.) Because Appellants' sleep had been disturbed by light emanating from the digital billboard, the trial court concluded that there had been a deprivation of Appellants' "substantive due process right to the use and enjoyment of their property." (Trial

"Statutory procedure." The preenactment and postenactment procedures prescribed by statute or ordinance in adopting an ordinance.

Id. (emphasis added).

9

Ct. Op. at 9.) Moreover, the trial court determined that, by enacting the Ordinance, the Township had "made a decision which interfere[d] with Appellants' use and enjoyment of their property." (Trial Ct. Op. at 10.) The trial court concluded that, because there had been a deprivation of Appellants' constitutional rights, Appellants satisfied the exception of Section 5571.1(c) and, accordingly, the filing of the land use appeal more than 30 days after the enactment of the Ordinance was excused. (Trial Ct. Op. at 10.)

Nevertheless, the trial court concluded that, in order to succeed in their land use appeal, Appellants needed to meet their burden of proof under Section 5571(e) of the Judicial Code and demonstrate that the Township both: (1) failed to strictly comply with statutory procedures; and (2) that the Township failed to substantially comply with statutory procedure such that "the public [did] not have knowledge of" impending changes to the ordinance, which "prevented [the public] from commenting on those changes and intervening." (Trial Ct. Op. at 10 (citing Section 5571.1(e) of the Judicial Code, 42 Pa. C.S. § 5571.1(e)).)

The trial court first held that the summary of the Ordinance published by the Township in November and December 2011 had both strictly and substantially complied with the notice requirements of Section 610(a) of the MPC. (Trial Ct. Op. at 11-15.) The trial court next addressed whether the Township had complied with Section 610(b) of the MPC when it published the notices before the December 27, 2011 hearing, without mentioning in the notices that the Ordinance had been changed to increase the permitted hours of illumination for digital billboards from

10

17 hours to 24 hours per day.[5] (Trial Ct. Op. at 18-19.) The trial court determined that, because the policy of the Ordinance was to allow digital billboard advertising, there was no overall change in policy when the Ordinance was amended to increase the hours of illumination. Thus, the trial court held that the change to the Ordinance was not substantial, the Township was not required to advertise a summary of the change, and the Township had strictly complied with Section 610(b) of the MPC. (Trial Ct. Op. at 19-20.) Accordingly, the trial court held that, although there had been an impermissible deprivation of Appellants' substantive due process rights, because Appellants were unable to demonstrate that the Township had violated Section 610 of the MPC, Appellants had not met their burden of proof under Section 5571.1(e)(2) of the Judicial Code. (Trial Ct. Op. at 20.)

## II. DISCUSSION

On appeal,[6] the sole issue raised by Appellants is whether the change to the Ordinance, increasing the permitted hours of illumination from 17 hours to 24 hours per day, was a substantial amendment to the Ordinance such that the Township was required, under Section 610(b) of the MPC, to re-advertise the change prior to enactment of the Ordinance. Appellants contend that the

---

[5] The trial court also addressed whether the adoption of the Ordinance had deprived Appellants of their procedural due process rights. (Trial Ct. Op. at 15-18.) Relying on Mathews v. Eldridge, 424 U.S. 319 (1976), and Messina v. East Penn Township, 995 A.2d 517 (Pa. Cmwlth. 2010), aff'd, 62 A.3d 363 (Pa. 2012), the trial court concluded that Appellants were not denied procedural due process. (Trial Ct. Op. at 18.)

[6] In a procedural validity challenge brought pursuant to Section 5571.1 of the Judicial Code, 42 Pa. C.S. § 5571.1, we "review the trial court's findings and conclusions to determine whether the trial court committed an error of law or abused its discretion." Messina, 995 A.2d at 525.

11

illumination from the billboard shines directly into their home and has deprived them "of the quiet and peaceful enjoyment of their property, prevented them from sleeping or otherwise enjoying their home . . . [and] caused deterioration in their health and well-being." (Appellants' Br. at 13.) The difference between a dark sky out one's window at night and a flashing billboard illuminating one's bedroom constitutes a substantial change. Moreover, Appellants argue that a change to an Ordinance constituting a substantive due process violation—which the trial court concluded had occurred due to the enactment of the Ordinance—should be deemed a "substantial amendment" under Section 610(b) of the MPC.

Appellants also argue that the change to the Ordinance constituted a substantial amendment to the overall policy of the Ordinance. Whereas the previous policy of the Ordinance was to protect neighbors from nighttime illumination, the Township amended the Ordinance to eliminate any nighttime protections. Appellants further maintain that the purpose of Section 610(b) of the MPC is to allow the public to become aware of changes to ordinances and to participate in their consideration. Appellants argue that, by not publishing a summary of the substantial amendment to the Ordinance, the Township thwarted the goals of Section 610(b). Although there may be no reason to object initially to an ordinance, subsequent substantial amendment of the ordinance may create a reason to object to the ordinance. By not complying with Section 610(b) of the MPC, Appellants and their neighbors were prevented from having knowledge of the substantial amendment to the Ordinance, commenting on the change, and intervening. Appellants contend that, because the Township did not comply with Section 610(b) of the MPC, the Ordinance is null and void.

12

The Township does not challenge the trial court's conclusion that the Ordinance resulted in a deprivation of Appellants' substantive due process rights and that Appellants' land use appeal is not time barred. However, the Township argues that the trial court correctly ruled that the change in the number of permitted hours of illumination in the Ordinance was not substantial enough to require a published summary under Section 610(b) of the MPC. The change was not substantial because it only removed one single subsection of the Ordinance. "The [O]rdinance for the first time allows for digital and electronic signs, and in so doing regulates the size of the signs, billboard location, the need for buffer zones, changes by district, luminosity, duration of message, regulations for particular districts, the application process, and numerous other areas." (Township's Br. at 8 (citing Ordinance, R.R. at 88a-95a.).) The Township contends that the removal of the single subsection governing hours of illumination is miniscule compared to the rest of the Ordinance.

In addition, the Township relies on Lamar Advantage GP Company, LLC v. City of Pittsburgh, 67 A.3d 156 (Pa. Cmwlth.), petition for allowance of appeal denied, 81 A.3d 79 (Pa. 2013), to argue that the removal of the limitation on hours of illumination did not change the overall policy or disrupt the continuity of the Ordinance. The policy of the Ordinance is to allow for electronic and digital signs in the Township, rather than to protect neighbors from nighttime illumination. The fact that the original limitation for hours of illumination permitted billboards to be illuminated before 11:00 p.m. and after 6:00 a.m. indicates that the policy of the Ordinance was not to protect neighbors from nighttime illumination because, during the winter months of the year, this timeframe would include several hours of darkness. Finally, the Township argues that the trial court's finding of a

13

substantive due process violation has no correlation to whether substantial amendments were made to the Ordinance.

### a. Whether the change to the Ordinance is a substantial amendment

Pursuant to Section 610(b) of the MPC,

> [i]n the event substantial amendments are made in the proposed ordinance or amendment, before voting upon enactment, the governing body shall, at least ten days prior to enactment, readvertise, in one newspaper of general circulation in the municipality, a brief summary setting forth all the provisions in reasonable detail together with a summary of the amendments.

53 P.S. § 10610(b). Here, although the Township re-advertised the Ordinance prior to the December 27, 2011 hearing, it did not include a summary of the changes made regarding the permitted hours of illumination for billboards. Accordingly, if the modification of illumination hours is considered a substantial amendment to the overall Ordinance, then the Township would have violated Section 610(b) of the MPC by not including a summary of the change. We must, therefore, determine whether this modification was a "substantial amendment."

Our Supreme Court has explained that although "it is obvious that an insignificant amendment made to a proposed ordinance after advertisement and a public hearing does not require a re-advertisement and public hearing, the case is clearly otherwise if the amendment is substantial in relation to the legislation as a whole." In re Appeal of Hawcrest Association, 160 A.2d 240, 241 (Pa. 1960) (quotation omitted). Thus, "[f]or an amendment to be 'substantial' . . . there must be a significant disruption of the continuity of the proposed legislation or some appreciable change in the overall policy of the bill." Id. at 242. See also Lamar,

14

67 A.3d at 159 (concluding that "amendments that go far beyond the proposed legislation cannot be made without re-advertisement and a new hearing"). Amendments are also substantial where they add or delete a permitted use, change a district boundary or classification, or significantly alter a regulation. Appeal of Hawcrest, 160 A.2d at 242. In addition, this Court has noted that "[a]nother factor in determining the substantiality of such modifications is whether they affect other landowners in a different way or have an adverse impact on adjoiners." Appeal of Sweigart, 544 A.2d 74, 78 (Pa. Cmwlth. 1988). This Court has also concluded that an amendment is substantial where it includes land that was previously unaffected by the proposed amendment. Id.

An example of a substantial change to a pending ordinance arose in Save Our Local Environment II v. Foster Township Board of Supervisors, 587 A.2d 30 (Pa. Cmwlth. 1991). There, a landowner applied for a curative amendment to the township zoning code in order to allow him to use 3300 acres of land for solid waste disposal. Id. at 31. After multiple hearings, several modifications were made to the curative amendment including: new definitions for solid waste disposal facilities and conditional uses; "inclusion of waste processing and waste disposal facilities as a conditional use in an I-1 (General Industrial) District, rather than the permitted use for which [the landowner] had previously applied; and . . . reclassification of an A-1 (Agricultural) district to an I-1B (Industrial) district." Id. The township board of supervisors adopted the modified curative amendment without conducting public hearings. Id. This Court determined that, although changing the waste disposal facility from a permitted to a conditional use was insignificant, the change in the zoning classification from agricultural to industrial was significant, as were the changes to the definitions for solid waste disposal

15

facilities and conditional uses because "they could have a significant effect on [the t]ownship's regulation of these types of facilities." Id. at 31-32. Thus, our Court concluded that the township violated the MPC in adopting the modified curative amendment without holding public hearings. Id. at 32.

More recently, in Lamar, this Court addressed changes made to an ordinance involving billboards. Lamar, 67 A.3d at 157. There, an ordinance was introduced at Pittsburgh City Council to revise several sections of Pittsburgh's Zoning Code relating to Electronic Message Signs. Id. After several public hearings, the ordinance was amended to: (1) reinstate electronic sign messages in the Golden Triangle District; (2) eliminate provisions in the ordinance allowing community message signs; (3) eliminate electronic advertising signs from local neighborhood commercial zoning districts; (4) modify the review and approval process for reconstructed electronic advertising signs; (5) reduce dwell time and brightness for signs; and (6) allow City Council to establish brightness requirements in certain districts. Id. at 158. The ordinance, as amended, was adopted without re-advertising the ordinance or conducting a subsequent public hearing. Id.

On appeal, Lamar argued that the ordinance was void because the ordinance had not been re-advertised and the changes were substantial. Id. This Court concluded that the changes between the original and final versions of the ordinance "were not substantial enough to warrant re-advertisement and rehearing." Id. at 159. We first noted that "changes which merely make regulations more stringent than initially proposed are acceptable and do not necessitate the holding of a subsequent public hearing." Id. (quotation omitted). Thus, we concluded that "the final bill's reductions of the permitted brightness and dwell time levels for various

16

types of advertising signs were not substantial enough to warrant another hearing." Id. We also concluded that "the reinstatement of 'electronic signs messages' in the Golden Triangle and the elimination of the provisions for 'Community Message Signs' and electronic advertising signs from [Local Neighborhood Commercial] districts," "were not substantial in relation to the legislation as a whole because those modifications [did] not demonstrate any appreciable change in the overall policy of the bill." Id.

There are, thus, several factors to consider in determining whether a change is substantial, including whether the change "affect[s] other landowners in a different way" or has an "adverse impact" on adjoining property owners. Appeal of Sweigart, 544 A.2d 78. In addition, a change is substantial where it has a *significant* effect on a township's regulation of different types of land uses. Appeal of Hawcrest, 160 A.2d at 241-42; Save Our Local Environment II, 587 A.2d at 31-32. Based on our case law, we conclude that the change at issue here was a substantial amendment.

It is undisputed that the light emanating from the billboard interferes with Appellants' sleep and impacts Appellants' use and enjoyment of their property. (Trial Ct. Op. 9.) While the change in hours of illumination from 17 hours to 24 hours appears minor in comparison to the grand scheme of the Ordinance, this change clearly had an adverse impact on Appellants. The change to the Ordinance also affected Appellants in a different way than would have occurred if the prior version of the Ordinance had been enacted: under the earlier version of the Ordinance, Appellants would have enjoyed seven hours of darkness each night. This change reflects a "significant disruption of the continuity" of the Ordinance to

the extent that it substantially increased the negative impact of the Ordinance on landowners living close to digital billboards. Appeal of Hawcrest, 160 A.2d at 242. Moreover, the change to the Ordinance was substantial because it significantly altered the Township's regulation of nighttime billboard use.

Although in Lamar this Court concluded that a change to an ordinance was not substantial even though several regulations were made less stringent, Lamar is distinguishable. In that case the land use appeal was brought by the billboard company, rather than adjacent landowners, and there was no evidence that adjacent landowners objected to the change to the ordinance or that the change interfered with adjacent landowners' use and enjoyment of their property. In contrast, here, because the change to the Ordinance resulted in a deprivation of Appellants' right to the use and enjoyment of their property, we conclude that the change was a "substantial amendment" under Section 610(b) of the MPC and that the Township was required to advertise the change prior to enactment of the Ordinance.

### b. Whether the Ordinance is null and void

In order to declare the Ordinance void, Appellants are required to satisfy their burden of proof under Section 5571.1 of the Judicial Code. Because Appellants filed their land use appeal more than 30 days, but less than two years, after the enactment of the Ordinance, Appellants are required to demonstrate that: (1) the defect in statutory procedure "result[ed] in an impermissible deprivation of constitutional rights"; (2) the Township "fail[ed] to strictly comply with statutory procedure"; and (3) the Township "fail[ed] to substantially comply with statutory procedure" such that the public did not have notice of the change to the Ordinance, which "prevented [the public] from commenting on those changes and

18

intervening." Section 5571.1 of the Judicial Code, 42 Pa. C.S. § 5571.1. As determined by the trial court, because the billboard interfered with Appellants' use and enjoyment of their property, Appellants were impermissibly deprived of their constitutional rights. Moreover, since we have concluded that the change to the Ordinance was substantial, it is clear that the Township did not substantially comply with Section 610 of the MPC when it did not advertise the change before the Ordinance was enacted. Due to the Township's failure to comply with Section 610 of the MPC, Appellants and similarly situated landowners were prevented from commenting on the proposed change before it was enacted. Thus, we conclude that Appellants have met their burden under Section 5571.1 of the Judicial Code and that the Ordinance was "void from inception." Id.

## III. CONCLUSION

Accordingly, for the foregoing reasons, the Order of the trial court is reversed.

_____
**RENÉE COHN JUBELIRER, Judge**

19

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles N. Diefenderfer and :
Betsy A. Diefenderfer, his wife, :
                                   :
                   Appellants     :
                                   :
         v.                        :   No. 2324 C.D. 2014
                                   :
Palmer Township Board of Supervisors :

## **O R D E R**

**NOW**, November 10, 2015, the Order of the Court of Common Pleas of Northampton County, entered in the above-captioned matter, is hereby **REVERSED**.

_____
**RENÉE COHN JUBELIRER, Judge**