62 A.3d 363

**Charles N. MESSINA, Agnes Messina, Lehigh Asphalt Paving and Construction Co., Appellants**

v.

**EAST PENN TOWNSHIP, Appellee**

**Nancy Blaha and Christopher Pekurny, Intervenors.**

Supreme Court of Pennsylvania.

Argued May 10, 2011.

Decided Dec. 17, 2012.

---

Edward J. Hughes, Hughes, Kalkbrenner & Adshead, L.L.P., Marc D. Jonas, Kellie Ann McGowan, Eastburn and Gray, P.C., George Joseph Ozorowski, Hughes, Kalkbrenner & Adshead, L.L.P., John A. Van Luvanee, Eastburn and Gray, P.C., for Lehigh Asphalt Paving & Construction Co., C. Messina and A. Messina, Appellants.

James Robert Nanovic, Nanovic Law Offices, for East Penn Township, Appellee.

Joseph Jude Matika, Velitsky & Matika, for Nancy Blaha & Christopher Pekurny, Intervenor-Appellee.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## *OPINION*

Justice EAKIN.

Appellants, Charles and Agnes Messina, and Lehigh Asphalt Paving and Construction Company, appeal from the Commonwealth Court's affirmation of the order of the Carbon County Court of Common Pleas, which held appellants' chal-

lenge to East Penn Township Zoning Ordinance No.1996–94 was time-barred. We affirm.

Charles and Agnes Messina own 114.4 acres in East Penn Township, Carbon County, where they reside in a single-family residence. Lehigh Asphalt Paving and Construction Company is the equitable owner of the property pursuant to an option contract, and it uses a portion of the property as a quarry.

On July 22, 1996, East Penn Township adopted the East Penn Township Zoning Ordinance and Zoning Map of 1996, via Township Ordinance No.1996–94. Under the Ordinance, appellants' property is in the Rural and Rural Residential zoning districts. Lehigh Asphalt's use of the property is nonconforming, but is allowed, as the use predates the Ordinance. The Ordinance has been amended in 2000, 2001, and 2005.

On August 11, 2008, appellants filed a lawsuit in the Carbon County Court of Common Pleas. They asserted the Ordinance was void *ab initio* because East Penn Township failed to strictly adhere to procedural requirements for adopting a zoning ordinance as required by § 10610(b) of the Municipalities Planning Code (MPC).[1] Appellants specifically argued East Penn Township made changes to the zoning map on the night of the Ordinance's adoption and failed to provide notice to the public of these changes before enacting them. Nancy Blaha and Christopher Pekurny, residents of the township, were granted intervenor status by the trial court.

The trial court was unable to determine what changes had been made to the Ordinance on the night of its adoption, due to the record's vagueness. It offered to hold an evidentiary hearing on what changes had been made, but the parties

---

1. 53 P.S. § 10610(b) provides:

In the event substantial amendments are made in the proposed ordinance or amendment, before voting upon enactment, the governing body shall, at least ten days prior to enactment, readvertise, in one newspaper of general circulation within the municipality, a brief summary setting forth all the provisions in reasonable detail together with a summary of amendments.

*Id.*

declined. Consequently, the trial court held appellants failed to show a substantial change made on the night of the Ordinance's adoption, and found the claim was statutorily time-barred. Trial Court Opinion, 9/14/09, at 22.

■ The Commonwealth Court affirmed in a published *en banc* opinion, finding appellants failed to meet their burden of proof. *Messina v. East Penn Township*, 995 A.2d 517 (Pa. Cmwlth.2010) (*en banc*). Appellants petitioned for allowance of appeal, which we granted, limited to whether 42 Pa.C.S. § 5571.1 precludes a procedural challenge made more than two years after the effective date of the ordinance, and whether the failure to re-advertise after changes were made to the zoning map invalidated the ordinance. *Messina v. East Penn Township*, 607 Pa. 623, 9 A.3d 1136 (2010) (*per curiam*). This case presents a mixed question of fact and law. When reviewing such mixed questions,

> to the extent that factual findings and credibility determinations are at issue, we will accept the trial court's conclusions insofar as they are supported by the record. To the extent that a legal question is at issue, a determination by the trial court will be given no deference and will instead be reviewed *de novo*.

*In re Condemnation by Urban Redevelopment Auth. of Pittsburgh*, 590 Pa. 431, 913 A.2d 178, 183 (2006) (citation omitted).

■ This Court has long required procedural strictness when evaluating the enactment of municipal ordinances. *See Cranberry Park Associates v. Cranberry Township Zoning Hearing Board*, 561 Pa. 456, 751 A.2d 165, 167–68 (2000) (improper recording violated statutory enactment procedures such that ordinance was void *ab initio* and 5571.1 time-bar did not apply); *see also Schadler v. Zoning Hearing Board of Weisenberg Township*, 578 Pa. 177, 850 A.2d 619, 627 (2004) (ordinance was void *ab initio* due to various procedural defects in enactment process); *Lower Gwynedd Township v. Gwynedd Properties, Inc.*, 527 Pa. 324, 591 A.2d 285, 287 (1991) (reiterating this Court's unswerving view that statutory steps for ordinance enactment are mandatory and non-waivable).

In response to our decision in *Cranberry Park*, the Legislature amended § 5571.1 to require that procedural challenges be made "within 30 days after the intended effective date of the ordinance." 42 Pa.C.S. § 5571.1(b)(1). In *Glen–Gery Corporation v. Zoning Hearing Board of Dover Township*, 589 Pa. 135, 907 A.2d 1033 (2006), we rejected the Legislature's attempt to create an absolute rule, holding that where a claim alleges violation of notice or due process rights, the statutory 30–day limit for procedural challenges is not constitutionally permissible. *Id.*, at 1044–45. In *Luke v. Cataldi*, 593 Pa. 461, 932 A.2d 45 (2007), we extended the void *ab initio* rationale to land use decisions—failure to give public notice or hold public hearings prior to granting conditional use permits violated due process rights and rendered the grant void *ab initio;* the 30–day limit for land use appeals did not preclude the challenge. *Id.*, at 55–56.

In 2008, following our decision in *Glen–Gery*, the Legislature again amended § 5571.1, acknowledging an exception to the 30–day window where a challenger can show the time-bar would impermissibly deprive him of his constitutional rights.

The relevant portions of § 5571.1 provide:

**(b) Appeals of defects in statutory procedure.-**

(1) Any appeal raising questions relating to an alleged defect in statutory procedure shall be brought within 30 days of the intended effective date of the ordinance.

(2) Except as provided in subsection (c), it is the express intent of the General Assembly that this 30–day limitation shall apply regardless of the ultimate validity of the challenged ordinance.

**(c) Exemption from limitation.**—An appeal shall be exempt from the time limitation in subsection (b) if the party bringing the appeal establishes that, because of the particular nature of the alleged defect in statutory procedure, the application of the time limitation under subsection (b) would result in an impermissible deprivation of constitutional rights.

**(d) Presumptions.**—Notwithstanding any other provision of law, appeals pursuant to this section shall be subject to and in accordance with the following:

(1) An ordinance shall be presumed to be valid and to have been enacted or adopted in strict compliance with statutory procedure.

(2) In all cases in which an appeal filed in court more than two years after the intended effective date of the ordinance is allowed to proceed in accordance with subsection (c), the political subdivision involved and residents and landowners within the political subdivision shall be presumed to have substantially relied upon the validity and effectiveness of the ordinance.

(3) An ordinance shall not be found void from inception unless the party alleging the defect in statutory procedure meets the burden of proving the elements set forth in subsection (e).

**(e) Burden of proof.**—Notwithstanding any other provision of law, an ordinance shall not be found void from inception except as follows:

(1) In the case of an appeal brought within the 30–day time limitation of subsection (b), the party alleging the defect must meet the burden of proving that there was a failure to strictly comply with statutory procedure.

(2) In the case of an appeal which is exempt from the 30–day time limitation in accordance with subsection (c), the party alleging the defect must meet the burden of proving each of the following:

(i) That there was a failure to strictly comply with statutory procedure.

(ii) That there was a failure to substantially comply with statutory procedure which resulted in insufficient notification to the public of impending changes in or the existence of the ordinance, so that the public would be prevented from commenting on those changes and intervening, if necessary, or from having knowledge of the existence of the ordinance.

(iii) That there exist facts sufficient to rebut any presumption that may exist pursuant to subsection (d)(2) that would, unless rebutted, result in a determination that the ordinance is not void from inception.

42 Pa.C.S. § 5571.1(b)-(e).

In the present case, because the appeal was filed more than 12 years after the enactment of the Ordinance and more than 30 days after the effective date of the 2008 amendment to § 5571.1, the statute requires appellants to meet the burden of proving the factors enumerated in subsection (e)(2). Appellants challenge that statute.

They do so on two grounds. First, they contend the presumptions of reliance for a municipality and its landowners under subsections (d)(2) and (e)(2)(iii) cannot preclude a procedural validity challenge, and judicial precedent does not support the statutory presumptions of reliance. Secondly, appellants aver that where procedural defects implicate notice and due process, it is never appropriate to decline to apply the void *ab initio* doctrine; reliance is insufficient to overcome such defects. They reason that while this Court has recognized a procedurally defective ordinance may be "on the books" so long that public notice and acquiescence is presumed, we have never declined to apply the void *ab initio* doctrine because of reliance, nor have we stated how, when, or if reliance or acquiescence is relevant when challenging an ordinance.

Appellants point to the Commonwealth Court's statement "the record reveals [c]hallengers had actual notice that the Township was planning to adopt the proposed zoning ordinance[,]" *Messina*, 995 A.2d at 535, as a conclusion that § 5571.1(e)(2), which requires appellants prove a personal deprivation of due process rights, was not met. This allegedly erroneous analysis was used by the Commonwealth Court to find the procedural challenge untimely. Relying on *Schadler* and *Lower Gwynedd Township*, appellants contend that if a challenger could prove a deprivation of constitutional rights, § 5571.1(e)(2)(ii) requires the challenger to show actual preju-

dice to a private interest, which would result in the Ordinance being valid as to some citizens and invalid as to others. *See Schadler*, at 627 n. 12 ("[W]hen the lawfulness of the enactment is in question, the law is either void or not void, without regard to the identity of the challenger."); *see also Lower Gwynedd Township*, at 287 ("If a published notice fails to satisfy the statutory requirements, the fact that members of the public, or even the appellants themselves, appeared at the hearing does not breathe life into an otherwise void ordinance.").

In response, appellee contends § 5571.1 does not preclude a procedural validity challenge after two years. Appellee avers the statute merely provides the process for review of a procedural challenge, and notes it was enacted in conformity with this Court's precedent addressing procedural challenges. Appellee recounts several cases highlighting the legislative amendments made after our decisions.[2] It also emphasizes this Court's application of the void *ab initio* doctrine is due to the failure to provide notice in violation of the public's right to due process.

This recitation of precedent in relation to the legislative amendments of § 5571.1 is accurate. In *Schadler*, we voided an absolute time-bar for challenging ordinances while noting

2. *Compare Schadler*, at 623 ("Township ordinances enjoy a presumption of validity and it is the challenger who bears the burden of proving an ordinance's invalidity."), *with* 42 Pa.C.S. § 5571.1(d)(1) ("An ordinance shall be presumed to be valid and to have been enacted or adopted in strict compliance with statutory procedure."). *Compare Glen–Gery*, at 1037 n. 5 ("Void *ab initio* only concerns those claims that implicate notice, due process, or other constitutional rights of a party...."), *with* 42 Pa.C.S. § 5571.1(e)(2)(ii) ("failure to substantially comply with statutory procedure ... resulted in insufficient notification to the public of impending changes in or the existence of the ordinance" preventing public from commenting on changes and intervening or from knowing of the ordinance). *Compare Glen–Gery*, at 1039 n. 6 (quoting *Schadler*, at 627 ("we may some day be presented with a case in which a procedurally defective ordinance has been 'on the books' and obeyed in practice for such a long time that public notice and acquiescence can be presumed....."), *with* 42 Pa.C.S. § 5571.1(d)(2) (where appeal is filed more than two years after intended effective date of ordinance, there is presumption that political subdivision and landowners have substantially relied on validity and effectiveness of ordinance).

that ordinances enjoy a presumption of validity. *Id.*, at 623. In *Glen–Gery*, we held where lack of notice resulted in deprivation of due process, or where other constitutional rights were implicated, the 30–day time bar for challenging a procedural ordinance was inapplicable. *Id.*, at 1035–37. In response to these decisions, the Legislature amended § 5571.1 to require *strict* compliance with statutory procedure when an ordinance is challenged within 30 days of its intended effective date, and placed the burden of proof on the challenger. *See* 42 Pa.C.S. § 5571.1(b)(1), (d)(1), (e)(1). Where an ordinance is challenged more than 30 days after its intended effective date, the Legislature required the challenger to prove there was a failure to *substantially* comply with statutory procedure, which resulted in lack of notice or a deprivation of due process rights. *See id.*, § 5571.1(c), (e)(2)(ii). Additionally, in *Schadler* and *Glen–Gery*, we noted reliance by a municipality and landowners on a procedurally defective ordinance may be presumed if the ordinance has been in effect for an extended time. As a result, the Legislature added § 5571.1(d)(2) and (e)(2)(iii), creating a presumption of reliance by municipalities and landowners where an ordinance has been in effect for more than two years.

Appellants' assertion that it is never appropriate to decline to apply the void *ab initio* doctrine because of alleged or actual reliance is misguided. As we have previously stated, there are numerous reasons to decline to apply the void *ab initio* doctrine, and an overly aggressive application of the doctrine could result in excessive uncertainty. The purpose of complying with statutory procedure is to ensure public notice, rather than compliance with ministerial filing provisions; this salient result is accomplished once sufficient time has passed, based on acquiescence by landowners and residents through their compliance with a municipality's application of an ordinance. *See Glen–Gery*, at 1039 n. 6 (quoting *Schadler*, at 627); *see also Geryville Materials, Inc. v. Lower Milford Township Zoning Hearing Board*, 972 A.2d 136, 142 (Pa.Cmwlth.2009).

■ Additionally, we find unconvincing appellants' argument that a municipality cannot allege reliance. Pursuant to § 5571.1(e)(2)(iii), reliance on an ordinance becomes a rebuttable presumption only after a municipality and its landowners have been subject to it for two years. Both the municipality's and the public's reliance on an ordinance strengthens with the history of its use. Citizens must be able to rely on zoning classifications, as constant invalidation of ordinances would degrade constituents' faith in the system and result in chaos. We find utilization of an ordinance for two years is an appropriate time to beget a presumption of reliance.

■ We also find erroneous appellants' argument that § 5571.1(e)(2) requires proof of a personal deprivation of due process rights. The Commonwealth Court "acknowledge[d] [appellants] have a private interest in the use and enjoyment of their property, subject to reasonable zoning restrictions, as well as a shared public interest right to participate in the proceedings involving adoption of the zoning ordinance." *Messina,* 995 A.2d at 534. The court analyzed appellants' private rights pursuant to *Mathews v. Eldridge. Messina,* 995 A.2d at 534 (citing *Mathews v. Eldridge,* 424 U.S. 319, 334–35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (due process analysis requires consideration of: private interest affected by official action; risk of erroneous deprivation of such interest through procedures used, and probable value, if any, of additional or substitute procedural safeguards; and government's interest, including function involved and fiscal and administrative burdens additional or substitute procedural requirement would entail) (citation omitted)).[3]

■ The court also looked at the public interest pursuant to § 5571.1, finding the General Assembly's requirement of strict compliance with procedures that protect the public interest,

---

**3.** The Commonwealth Court specifically noted appellants had actual notice, as the Messinas were present for seven of the Township meetings regarding the proposed zoning ordinance, and Lehigh Asphalt wrote a letter of concern regarding the Ordinance's adoption, which was read three months prior to its adoption at a Township hearing. *Messina,* at 535.

where challenges are presented within 30 days, was consistent with case law; the requirement properly balanced the public interest in participation with its interest in finality after the period for prompt appeals has passed. *Id.* Thus, § 5571.1 does not require a challenger to prove prejudice to a private interest; rather, the Commonwealth Court analyzed appellants' private interest pursuant to common law and the public interest pursuant to statutory law. We affirm the Commonwealth Court's order, upholding the legislative amendments to § 5571.1.

Appellants' claims are grounded on the assertion that after advertisement but prior to adoption, changes were made to the zoning map. Appellants argue the record clearly shows a substantial change was made to the proposed Ordinance prior to re-advertisement, as a zoning district boundary was moved on the night of its adoption. Relying on *Appeal of Hawcrest Association,* 399 Pa. 84, 160 A.2d 240 (1960), appellants contend these changes constitute a substantial amendment requiring re-advertisement pursuant to 53 P.S. § 10610(b) (re-advertisement required where governing body makes substantial amendment to proposed ordinance prior to enactment). Appellants argue any change that affects the zoning district boundaries and uses is *per se* substantial. East Penn Township's failure to re-advertise the proposed Ordinance after these changes, they argue, resulted in insufficient notification to the public, which was a substantial procedural defect that renders the Ordinance void *ab initio.*

In reply, appellee contends that while some change was made to the Ordinance, it cannot be determined from the record whether the change was significant. The trial court offered appellants the opportunity to amend the record, and the failure to prove a substantial change defeats their claim. Appellee contends it substantially complied with the statutory procedure in adopting the Ordinance, and appellants have failed to meet their burden to prove otherwise pursuant to § 5571.1(e)(2)(ii).

Appellee also argues the Ordinance has been "on the books" for such a period of time that we should affirm based on

§ 5571.1(d)(2)'s presumption of reliance, which the Legislature added to address the concern raised in *Schadler* and reiterated in *Glen–Gery*. Appellee points out that Lehigh Asphalt substantially relied on the validity and effectiveness of the Ordinance when it sought enforcement of an approved land development plan. *See Lehigh Asphalt Paving & Construction Company v. Board of Supervisors of East Penn Township*, 830 A.2d 1063 (Pa.Cmwlth.2003).

The record[4] shows that on the night the Ordinance was adopted, there was a motion to adopt the Ordinance as advertised, which failed for want of a second. Amendments were made to the proposed zoning map, a vote was then taken on the Ordinance as amended, and it was adopted. The minutes of the meeting state, in relevant part:

> Joe Ehritz made a motion to adopt the Zoning Ordinance with the [sic] Greg Solt's changes on the Zoning Map. Motion was then changed to "as proposed". [sic] There being no second, motion did not pass. Joe Ehritz made a motion seconded by Steve Fatzinger to adopt a Pending Ordinance Doctrine. AIF.[5]

> Executive session was called at 8:10 p.m. and ended at 8:40 p.m. (litigation).

> After further discussion on the Zoning map, Joe Ehritz made a motion, seconded by Ted Smith to adopt the Zoning Ordinance with the [sic] Greg Solt's changes on Zoning Map. AIF. Changes were made on the map.

Board of Supervisors' Minutes, 7/22/96, at 1.

■ Although the record is abbreviated, it is clear some changes were made to the Ordinance on the night of its adoption. As a result, the adopted Ordinance differs to some

4. The record contains minutes of the Township Planning Commission's meetings dating from 1994 through 1996. The record also contains proofs of publication dated April 15, May 15, and July 16, 1996, as well as minutes of the Township Board of Supervisors' meetings in 1996. In addition, various letters from East Penn Township residents regarding the proposed Ordinance are part of the record; in particular, a letter from resident Greg Solt suggesting a change to the zoning map is included.

5. AIF is the abbreviation for "All In Favor."

extent from the Ordinance advertised prior to the meeting on July 22, 1996. There is no evidence that the Planning Commission reviewed the changes or that East Penn Township residents were on notice of the changes prior to the meeting. Consequently, appellee failed to *strictly* comply with statutory procedures, in violation of § 5571.1(e)(2)(i). However, this does not mean *substantial* compliance was not afforded, or that due process notions are now applicable.

 For the change to be substantial, "there must be a significant disruption in the continuity of the proposed legislation or some appreciable change in the overall policy of the bill." *Appeal of Hawcrest Association,* at 242. Appellants contend the amendment was the change suggested by Greg Solt in his June 22, 1996 letter, which proposed moving the dividing line between the Business Commercial and Village Commercial Districts on the property known as the Repsher Subdivision. According to *Appeal of Hawcrest Association,* this change may have been substantial. *See id.* (finding altering definition within zoning ordinance prior to adoption was not substantial change, as "it did not change a district boundary or classification"). If the change was substantial, § 5571.1(e)(2)(ii) requires sufficient notification to the public of the impending change so the public may comment and intervene if necessary. However, like the trial court, we are unable to discern the precise change from this record. Accordingly, appellants have failed to prove appellee did not substantially comply with statutory procedure as required by § 5571.1(e)(2)(ii). If the change is not shown to be substantial, it cannot justify a declaration that the Ordinance is void *ab initio.*

 Furthermore, appellants have not provided any evidence to rebut the presumption of reliance for the municipality and landowners, and since the adoption of the Ordinance, the municipality and landowners have had 12 years to rely on the Ordinance—well beyond the statutory two-year presumption. Therefore, appellants also failed to rebut the presumption of

reliance by the municipality and landowners pursuant to § 5571.1(e)(2)(iii).

In sum, where a challenge is made within 30 days, nothing less than strict compliance with the procedural requirements of the MPC will allow the ordinance to stand. After 30 days, substantial compliance with the procedural requirements will allow the ordinance to stand. As time passes, the natural and unavoidable reliance of the public and the municipality on the validity of the ordinance causes the presumption of validity to wax as the rationale for undoing the ordinance wanes. However, as the statutory scheme itself notes, the constitution trumps any statutory tethers on the time for a challenge, and a violation thereof cannot be *per se* precluded by statute. The void *ab initio* doctrine remains vibrant, though inapplicable here.

Accordingly, we affirm the Commonwealth Court's decision affirming the order of the trial court, as appellants' claim was time-barred because they failed to meet their burden of proof that appellee did not substantially comply with statutory procedure as required by § 5571.1(e)(2)(ii).

Order affirmed; jurisdiction relinquished.

Justice ORIE MELVIN did not participate in the decision of this case.

Chief Justice CASTILLE and Justices SAYLOR, BAER and McCAFFERY join the opinion.

Justice TODD files a concurring opinion.

Justice TODD, concurring.

I agree with the majority that the void *ab initio* doctrine remains viable despite the amendments to 42 Pa.C.S.A. § 5571.1. I also agree that, because of the deficiencies in the record before us, we cannot assess the substantiality of the last-minute change to the ordinance at issue and, thus, we cannot determine whether the void *ab initio* doctrine is presently implicated. *Cf. Appeal of Hawcrest Ass'n*, 399 Pa. 84, 160 A.2d 240 (1960) (insubstantial change to proposed zoning

ordinance did not trigger new notice requirements). However-er, as, in my view, that doctrine was the sole basis of Appellant's challenge to Section 5571.1—and that challenge fails for want of a sufficient record—I would not further opine on the validity or operation of Section 5571.1, as does the majority. Accordingly, I concur in the result.