IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Realty Enterprises, LLC and Stephen :
Sudhop, :
:
Appellants :
: No. 1066 C.D. 2018
v. : No. 1096 C.D. 2018
: Argued: April 11, 2019
Marple Township :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge (P)
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: May 22, 2019


        Realty Enterprises, LLC and Stephen Sudhop (collectively, Appellants)

appeal from the July 30, 2018 order of the Court of Common Pleas of Delaware

County (trial court) denying their post-trial motion following entry of judgment in

favor of Marple Township (Township) and against Appellants in their declaratory

judgment action on the basis that the trial court lacked jurisdiction.[1]  Appellants

contend that the trial court erred when it concluded that it lacked subject matter

---

[1] Appellants filed two appeals in this Court – one from the June 15, 2018 Verdict and
Declaration (Docket No. 1066 C.D. 2018); the other from the July 30, 2018 Order denying their
post-trial motion (Docket No. 1096 C.D. 2018).  This Court consolidated the appeals *sua sponte*
and directed the parties to address in their briefs on the merits which of the orders is the properly
appealable order.  Commonwealth Court Order, 9/25/18.  In response, Appellants advised that the
trial court's order denying post-trial motions is the properly appealed order under Pa. R.A.P. 301,
and they explained that they appealed the June 15, 2018 order "out of an abundance of caution
because the docket entry for the Verdict contained the word 'judgment' and [Appellants] did not
want to waive any appellate rights."  Appellants' Brief at 2 n.2  Therefore, we quash the appeal
filed at Docket No. 1066 C.D. 2018.

jurisdiction over Appellants' request for declaratory relief. Discerning no error, we affirm.

## I. Background

Appellants filed a declaratory judgment action with the trial court against the Township seeking a declaration that Appellants may legally build a Continuing Care Retirement Community (CCRC) on their adjacent parcels of land comprising 44.6 acres, located on Paxon Hollow and Palmers Mill Roads (Property). The Property is located in the Township's R-A Residential Zoning District (R-A or R-A District) pursuant to the Marple Township Zoning Ordinance (Ordinance), which was enacted on July 12, 2004. Complaint ¶¶6-7, 10.

According to their complaint, Appellants hired engineer James W. MacCombie to consult in the design and construction of a CCRC on the Property; MacCombie had previously served as the Township engineer between January 2009 and December 2011 and was familiar with the Ordinance and the Township Zoning Map (Map). In the process of determining what zoning restrictions applied to the Property, Appellants, with the aid of MacCombie, discovered that the Map did not designate any area as a CCRC zoning district. They believed that the absence of a CCRC-zoned area on the Map meant that a CCRC use was permitted "by right" in *all* Township zoning districts, including the R-A District. Based on this belief, in September 2013, Appellants expanded the size of the Property by purchasing an additional parcel (937 Palmers Mill Road for $550,000) in the R-A District. Appellants planned to develop the Property by constructing a 650-unit CCRC development known as Woodland Preserve. Complaint ¶¶8-14.

Unbeknownst to Appellants at the time of the September 2013 purchase, the Township had enacted Ordinance Nos. 2004-5 and 2004-6 on July 12,

2

2004, and amended its Ordinance and Map by rezoning a 22.057-acre parcel, known as Martins Run, from R-A to CCRC. Complaint ¶15. Specifically, Ordinance No. 2004-5 set forth the general regulations for CCRC districts. Reproduced Record (R.R.) at 581a-86a. Section 1 of Ordinance No. 2004-6 amended the Ordinance by changing the zoning classification for Martins Run from R-A to CCRC. Complaint ¶15; R.R. at 579a-80a. Section 2 of Ordinance No. 2004-6 directed the Township Engineer to revise the Map to incorporate this change in classification. Complaint ¶16; R.R. at 580a.

On May 12, 2014, Appellants appeared before the Township's Board of Commissioners and presented their plan for Woodland Preserve. According to Appellants, the Board appeared receptive to their plan. At this time, the Map had not been revised. The Township forwarded the Plan to the Delaware County Planning Commission. Complaint ¶¶18-22.

On July 14, 2014, Appellants submitted an amendment to the Ordinance to establish a CCRC use in the R-A District, which it resubmitted on February 1, 2016. At some point between May 12, 2014, and February 1, 2016, the Township amended its Map to comply with Ordinance No. 2004-6. On March 24, 2016, following a public hearing, the Township denied Appellants' proposed amendment without opinion. Complaint ¶¶23, 38-39.

Appellants argue that, although the Township passed Ordinance No. 2004-6 expressly directing the Township Engineer to revise the Map to reflect the creation of a CCRC zoning district, the Map was not revised until sometime after Appellants appeared before the Township Commissioners on May 12, 2014, with their proposed Plan for a CCRC development. Appellants claim that they relied on the Map and should not be prejudiced by the Township's failure to maintain an

3

accurate Map. Because the Map was not properly recorded before Appellants presented their Plan on May 12, 2014, they claim Ordinance No. 2004-6 was void *ab initio*. Complaint ¶¶40-46, 51.

In their prayer for relief, Appellants sought a declaration that (1) they are entitled to construct a CCRC use in the Township's R-A District in compliance with the Ordinance and Map, publicly available on May 12, 2014; (2) Ordinance No. 2004-6 does not prohibit Appellants from constructing a CCRC use in the Township's R-A District because of the Township's failure to comply with its express provisions and the Township's failure to make its amendment publicly known by updating the Map; and (3) Ordinance No. 2004-6 is void *ab initio* in its application to Appellants and their Plan to construct a CCRC use in the R-A District because, as of May 12, 2014, the Township had not recorded the revisions to the Map.

In response, the Township filed preliminary objections (POs) on the grounds that the Complaint is legally insufficient and time-barred; the trial court lacked subject matter jurisdiction over the issue in question; or, in the alternative, that the controversy is not ripe for review inasmuch as Appellants failed to exhaust administrative remedies prior to seeking declaratory relief with the trial court, which the trial court overruled. After the pleadings closed, the trial court held a two-day, non-jury trial in March 2018. Fifteen Township property owners intervened (Intervenors). Thereafter, the parties filed proposed findings of fact, conclusions of law and rebuttal arguments.

Ultimately, the trial court concluded that it lacked jurisdiction to decide the dispute on timeliness grounds. Although the trial court had initially ruled against the Township's jurisdictional objection, the trial court opined that the question of

4

jurisdiction can never be waived and can be raised at any time. The trial court found that Appellants' claims for relief are wholly contingent upon the trial court finding that Ordinance No. 2004-6 was void *ab initio* based on the Township's failure to revise the Map following its adoption. The trial court determined that Ordinance No. 2004-6 was lawfully created at the time it was recorded in the Township Ordinance Book, and was in effect on May 12, 2014, when they appeared at the public hearing before the Township Commissioners and submitted their land development plan. The change to the Map was merely a ministerial task that had no effect on the validity of the Ordinance.

The trial court opined that Appellants' claim goes to the validity of the Ordinance and is subject to requirements contained in Section 5571.1 of the Judicial Code, 42 Pa. C.S. §5571.1, and Section 1002-A(b) of the Municipalities Planning Code (MPC).[2] The trial court found that Appellants became aware of Ordinance No. 2004-6 and the dedication of a CCRC zone for Martins Run at the May 12, 2014 meeting. Yet, Appellants did not file their declaratory judgment action challenging the validity of Ordinance No. 2004-6 until July 18, 2016 – more than two years following that discovery. Thus, on June 15, 2018, the trial court entered a "Verdict and Declaration" in favor of the Township and against Appellants by summary dismissal. Appellants then filed a post-trial motion, which the trial court denied on July 30, 2018. This appeal now follows.[3]

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, added by the act of December 21, 1988, P.L. 1329, 53 P.S. §11002-A(b).

[3] The trial court filed a 63-page opinion in support of its decision in response to Appellants' statement of errors complained of on appeal.

5

## II. Issue

In this appeal,[4] Appellants argue that the trial court erred when it concluded that it lacked subject matter jurisdiction over their request for declaratory relief where: (1) Appellants did not challenge the validity of the Ordinance in question; and (2) they maintain that the Ordinance, which to this day has not been fully effectuated, cannot be said to apply to their land development plan.

## III. Discussion

Appellants argue that the trial court erred in characterizing this action as a validity challenge to a local ordinance. Appellants are challenging only the "application" of Ordinance No. 2004-6 to their Property – not the procedures by which the Ordinance was passed or its substantive validity. The issue is neither a procedural nor a substantive challenge to the Ordinance. Rather, the issue goes to the *effectiveness* of the Ordinance, i.e., whether Ordinance No. 2004-6, which was never properly recorded or made part of the Map before Appellants' land development plan was submitted, may be applied to Appellants' Property. Even as of today, the Map has not been properly updated. Therefore, Appellants contend that the Township may not rely on Ordinance No. 2004-6 to preclude a CCRC in the R-A District. Case law clearly holds that a municipality's failure to record an ordinance after adoption is not a procedural defect and, thus, it does not implicate a validity challenge. The Township's failure to amend its Map is akin to the Township's failure to record an ordinance. As a result, the trial court improperly dismissed Appellants' complaint on jurisdictional grounds. Had the trial court

---

[4] The jurisdictional issue in this case is a question of law over which this Court exercises a de novo standard of review and for which its scope of review is plenary. *Johnson v. American Standard*, 8 A.3d 318, 326 (Pa. 2010).

reached the merits, it would have concluded that the Township may not rely on an unrecorded and non-existent Map designation to preclude a development. For these reasons, Appellants ask this Court to vacate the trial court's decision and remand for a decision on the merits. We disagree.

We begin by examining the applicable requirements of the First Class Township Code,[5] the MPC and the Judicial Code. Section 1502(a) of the First Class Township Code, 53 P.S. §56502(a), governs the adoption of resolutions and ordinances for First Class Townships. Pursuant thereto, "No ordinance, or resolution of a legislative character in the nature of an ordinance, shall be considered in force until the same is recorded in the ordinance book of the township." 53 P.S. §56502(a). Section 1502(a) requires all township ordinances be recorded by the township secretary in the township's ordinance book "within one month after their passage." 53 P.S. §56502(a). However, the failure to record within that time period "shall not be deemed a defect in the process of the enactment or adoption of such ordinance." 53 P.S. §56502(a).

Section 1002-A(b) of the MPC provides:

> Challenges to the validity of a land use ordinance raising procedural questions or alleged defects in the process of enactment or adoption shall be raised by appeal taken directly to the court of common pleas of the judicial district in which the municipality adopting the ordinance is located in accordance with 42 Pa. C.S. §5571.1 (relating to appeals from ordinances, resolutions, maps, etc.).

53 P.S. §11002-A(b).

Section 5571.1(a)(1) of the Judicial Code governs "any appeal raising questions relating to an alleged defect in the process of or procedure for enactment

---

[5] Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §§55101-58502.

7

or adoption of any ordinance, resolution, *map* or similar action of a political subdivision." 42 Pa. C.S. §5571.1 (emphasis added). Such a procedural challenge must be filed within 30 days of the intended effective date of the ordinance. 42 Pa. C.S. §5571.1(b). However, there is an exemption from the time limitation "if the party bringing the appeal establishes that, because of the particular nature of the alleged defect in statutory procedure, the application of the time limitation under subsection (b) would result in an impermissible deprivation of constitutional rights." 42 Pa. C.S. §5571.1(c).

Where the appeal is brought within the 30-day limitation, the party challenging the ordinance bears "the burden of proving that there was a failure to strictly comply with statutory procedure." 42 Pa. C.S. §5571.1(e)(1). If the party claims that the time-limit exemption applies, the party must prove all of the following:

> (i) That there was a failure to strictly comply with statutory procedure.
>
> (ii) That there was a failure to substantially comply with statutory procedure which resulted in insufficient notification to the public of impending changes in or the existence of the ordinance, so that the public would be prevented from commenting on those changes and intervening, if necessary, or from having knowledge of the existence of the ordinance.
>
> (iii) That there exist facts sufficient to rebut any presumption that may exist pursuant to subsection (d)(2) that would, unless rebutted, result in a determination that the ordinance is not void from inception.

42 Pa. C.S. §5571.1(e)(2)(i)-(iii). Where the challenge is filed more than two years after the intended effective date of the ordinance, "the political subdivision involved

8

and residents and landowners within the political subdivision shall be presumed to have substantially relied upon the validity and effectiveness of the ordinance." 42 Pa. C.S. §5571.1(d)(2).

In *Messina v. East Penn Township*, 62 A.3d 363, 370 (Pa. 2012), the Supreme Court found that changes made to a zoning map on the night of the adoption of an ordinance and for which notice to the public was not provided was time-barred when the challenger filed suit twelve years after the enactment of the ordinance. The Court declined to apply the void *ab initio* doctrine, explaining that an overly aggressive application of the doctrine could result in excessive uncertainty. *Messina*, 62 A.3d at 370. "The purpose of complying with statutory procedure is to ensure public notice, *rather than compliance with ministerial filing provisions*; this salient result is accomplished once sufficient time has passed, based on acquiescence by landowners and residents through their compliance with a municipality's application of an ordinance." *Id.* (emphasis added). A trial court faced with a delayed procedural challenge should consider whether there has been substantial compliance with statutory procedures. *Id.* Strict compliance is required for prompt procedural challenges, but substantial compliance will satisfy due process dictates for delayed challenges. *Id.* If substantial compliance is lacking in a delayed challenge, an unconstitutional deprivation of due process may be present. *Id.*

Here, Appellants' argument that the Township Engineer's failure to "record" a new Map renders Ordinance No. 2004-6 ineffective is an attempt to invalidate Ordinance No. 2004-6. Yet, Appellants waited twelve years after the enactment and recordation of Ordinance No. 2004-6 to present its challenge. Like the challengers in *Messina*, Appellants do not qualify for the time-limit exemption. Appellants concede that Ordinance Nos. 2004-5 and 2004-6 were duly advertised,

9

properly posted, lawfully enacted and *timely recorded* in the Township Ordinance Book on the day of enactment. They make no allegation that the Township failed to follow proper procedures in adopting the ordinances. They do not assert a deprivation of any constitutional rights. Moreover, Appellants became aware of the Martins Run CCRC designation at the May 12, 2014 public meeting. During the May 12, 2014 public meeting, the Township Solicitor directly advised Appellants and MacCombie that Martins Run was changed from R-A to the CCRC District by Ordinance 2004-6 in 2004. Original Record, Defendants Exhibit No. 8 (USB Drive containing video of May 12, 2014 meeting) at 58:50 – 1:00:00. The Township Solicitor confirmed that the Property was zoned R-A and advised that they would need to seek a "change of zoning" for their Property to develop Woodland Preserve. *Id.* Yet, Appellants waited more than two years to file this declaratory judgment action.

Relying on *Bartkowski Investment Group, Inc. v. Board of Commissioners of Marple Township*, 18 A.3d 1259, 1262 (Pa. Cmwlth. 2011), Appellants argue that the failure to "record" the Map within one month of enactment renders the Ordinance ineffective. However, their reliance on this case is misplaced. In *Bartkowski*, a billboard-advertising company filed three separate actions challenging the procedural validity of a curative amendment to the township's zoning ordinance, which was enacted but not recorded until more than 30 days after the intended effective date of the ordinance. The company filed a substantive validity challenge, a declaratory judgment action that the ordinance never became effective and could not be applied retroactively, and a procedural validity challenge. The trial court consolidated the actions and determined that the company failed to sustain its burden under Section 5571.1 of the Judicial Code having failed to file its

10

procedural challenge to the ordinance within 30 days after the intended effective date.

On appeal, this Court distinguished between a validity challenge relating to the enactment of an ordinance and a challenge to an ordinance's effectiveness based upon a municipality's failure to record an ordinance within one month of enactment. We held that a legal challenge to a municipality's failure to record an ordinance is not a procedural challenge to the validity of the ordinance. Rather, this Court explained, under Section 1502 of the First Class Township Code, the "penalty" for a municipality's failure to record an ordinance within one month of passage is that the ordinance is not "in force" until it is recorded. *Bartkowski*, 18 A.3d at 1270-71. The failure to timely record an ordinance rendered the ordinance "invalid." *Id.* at 1271. Thus, we reversed the trial court.

Here, unlike in *Bartkowski*, Appellants do not contend that Ordinance Nos. 2004-5 and 2004-6 were not duly advertised, properly posted, lawfully enacted or *timely recorded* in the Township Ordinance Book. Rather, their argument is based solely upon the Township's failure to revise the Map as directed by Ordinance No. 2004-6. However, the revision of the Map itself, in accordance with the properly enacted and recorded Ordinance, was a ministerial act. *See Board of Supervisors of Montgomery Township v. Wellington Federal Development Corporation*, 602 A.2d 425 (Pa. Cmwlth. 1992) (characterizing the physical act of revising a zoning map as an administrative act and holding that an administrative error in changing the designation on the map did not operate to amend the zoning map).

Further, there is no language within the First Class Township Code imposing a time limit in which to accomplish changes directed by an ordinance. Nor is there any language suggesting that changes made to a zoning map by a duly

11

enacted and recorded ordinance are ineffective until reflected on the zoning map. In fact, the First Class Township Code provides that "[i]n any case in which maps, plans or drawings of any kind are adopted as part of an ordinance, the commissioners may, instead of publishing the same as part of the ordinance, refer, in publishing the ordinance, to the place where such maps, plans or drawings are on file and may be examined." Section 1502(a) of the First Class Township Code, 53 P.S. §56502(a).

Notwithstanding, relying on Section 300-16 of the Ordinance, Appellants argue that the Map is inextricably intertwined with the Ordinance, such that failure to revise and record the Map within 30 days rendered the enactment of the Ordinance ineffective. However, Section 300-16 merely incorporates the Map by reference, providing:

> The boundaries of districts described in § 300-15 shall be as shown upon the map attached to and made a part of this chapter, which shall be designated the "Township of Marple Zoning Map." Said map and all the notations, references and other data shown thereon are hereby incorporated by reference into this chapter and shall be as much a part of this chapter as if all were fully described herein.

R.R. at 627a. The accompanying note directs that the Map is on file in the Township offices. *Id.* The problem here is not that the Map was not incorporated, but that the Map on file was not updated until a later date. Appellants had knowledge of the error on the Map at the May 12, 2014 public meeting, yet they waited until more than two years had passed to file their complaint.

Even if their complaint was timely, Appellants would still not prevail. The Map at all times properly reflected that the Property was zoned as R-A, not CCRC. Appellants relied on the opinion of their engineer that there was no CCRC

12

district within the Township. The Township corrected this defect with the adoption of Ordinance Nos. 2004-5 and 2004-6, long before Appellants acquired more parcels and moved forward with their development plan. As discussed above, the CCRC district was effective upon recordation in 2004. Had Appellants reviewed the Ordinance Book, they would have known that CCRC was permitted in the Township at Martins Run.

Finally, insofar as Appellants claim that the revision of the Map in October 2014 was "secretive" and illegal in the absence of a new ordinance, this argument is specious. Appellants assert that the Township cannot amend the Map without notice to the public and without official conduct. However, the revision of the Map was duly authorized by Ordinance No. 2004-6. The public was notified of the change to allow a CCRC district at Martins Run at the time the Ordinance was enacted in 2004. The subsequent Map revision merely reflected this previously adopted amendment. To require the enactment of another ordinance to accomplish the Map revision as previously directed would, in essence, render the prior ordinances invalid, i.e., unable to support the changes adopted based solely on the passage of time.

## IV. Conclusion

For the foregoing reasons, we conclude that the trial court properly held it lacked subject matter jurisdiction over Appellants' request for declaratory relief. Accordingly, we affirm.

MICHAEL H. WOJCIK, Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Realty Enterprises, LLC and Stephen : 
Sudhop, :
                                     :
               Appellants   :
                               : No. 1066 C.D. 2018
              v.             : No. 1096 C.D. 2018
                                       :
Marple Township               :

## O R D E R

AND NOW, this 22<u>nd</u> day of <u>May</u>, 2019, the order of the Court of Common Pleas of Delaware County, dated July 30, 2018, is AFFIRMED. The appeal filed at Docket No. 1066 C.D. 2018 is QUASHED.

_____
MICHAEL H. WOJCIK, Judge