IN THE COMMONWEALTH COURT OF PENNSYLVANIA

America First Enterprises d/b/a/   :
Oliver Outdoor   :
  :
      v.   :   No. 532 C.D. 2021
  :   Argued: February 7, 2022
Zoning Hearing Board of the   :
Borough of Tarentum and   :
Borough of Tarentum   :
  :
Appeal of: Borough of Tarentum   :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                        FILED: August 22, 2022

The Borough of Tarentum (Borough) appeals from the Order of the Allegheny County Court of Common Pleas (trial court), entered April 22, 2021, that reversed a decision by the Zoning Hearing Board of the Borough of Tarentum (ZHB)[1] on June 29, 2020, thus granting America First Enterprises LLP, d/b/a Oliver Outdoor (Applicant), site-specific relief and directing the Borough to issue a permit as delineated in Applicant's application. For the reasons set forth below, we affirm.

## I. BACKGROUND

Applicant has an equitable interest, by way of an easement, in property located at 107 East Fourth Street (Property), which is in the Borough's Commercial

---

[1] The ZHB is designated an appellee on appeal but is principally aligned with the Borough. *See* Pa.R.A.P. 908.

Center (CC) zoning district.[2]  In January 2019, Applicant filed a zoning application with the Borough's Code and Enforcement Officer (Zoning Officer), seeking a permit to erect a two-sided, 14' x 48' illuminated billboard on the Property.

The Zoning Officer denied the application on the basis that billboards are not permitted uses in the CC zoning district.  Applicant appealed to the ZHB, which held a public hearing on May 29, 2019.  The ZHB denied Applicant's appeal, concluding that billboards are not permitted in the CC district and are generally permitted only in overlay districts.  The ZHB further determined that Applicant failed to meet the criteria for either a variance or special exception.  The ZHB did not address Applicant's arguments that the Borough's zoning ordinance (Ordinance)[3] is internally inconsistent and that its classifications do not align with the Borough zoning map.

Applicant timely appealed to the trial court, which remanded the matter with instructions for the ZHB to hold an evidentiary hearing to determine whether the Ordinance *de facto* excludes billboards.  Following a hearing on June 29, 2020, the ZHB issued findings and a determination that the Ordinance is not *de facto* exclusionary.

Applicant again appealed to the trial court.  The parties did not seek to introduce additional evidence.  Based on the record adduced before the ZHB, the trial court determined that Applicant had demonstrated that errors in the Borough's Ordinance, as well as contradictions between the Ordinance and zoning map, resulted in a *de facto* exclusion of billboards in the Borough.  Therefore, on April

---

[2] We glean the facts and procedural history of this case from the trial court opinion, which is supported by the record.  *See* Trial Ct. Op., 4/22/21, at 2-3.

[3] Original Record, Item No. 6 ("Certificate of Record"), Ex. "e" (Borough of Tarentum, Pa., Ordinances, ch. 265 (Feb. 2013)).

22, 2021, the trial court reversed the ZHB, granted Applicant site-specific relief, and directed the Borough to issue Applicant its requested permit. The Borough timely appealed.

## II. ISSUES

On appeal, the Borough raises two issues for our review. First, the Borough asserts that the trial court erred in concluding that the Ordinance *de facto* excludes billboards within the Borough. Borough's Br. at 1. Second, the Borough contends that the trial court erred in granting Applicant site-specific relief. *Id.* at 13.

## III. DISCUSSION

In a land use appeal, where the trial court takes no additional evidence, our review is limited to considering whether the zoning hearing board abused its discretion or erred as a matter of law. *In re Bartkowski Inv. Grp., Inc.*, 106 A.3d 230, 237 (Pa. Cmwlth. 2014). Whether an ordinance is exclusionary presents a question of law fully reviewable by this Court on appeal. *Borough v. Buckingham Retail Props., LLC*, 245 A.3d 728, 738 (Pa. Cmwlth. 2020).

While the courts generally afford deference to a zoning hearing board's interpretation of its ordinances, any ambiguity and conflict in the language of the ordinance must be resolved in favor of the landowner and the least restrictive use of the land. *Reihner v. City of Scranton Zoning Hearing Bd.*, 176 A.3d 396, 400 (Pa. Cmwlth. 2017); *see also* Section 603.1 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10603.1 ("In interpreting the language of a zoning ordinance to determine the extent of the restriction upon the use of property, the language shall be interpreted, where doubt exists as to the intended meaning of

3

the language written and enacted by a governing body, in favor of the property owner and against any implied extension of the restriction.").

It is within a municipality's police power to regulate signs, billboards, and other outdoor advertising media in its ordinances. *Twp. of Exeter v. Zoning Hearing Bd. of Exeter Twp.*, 962 A.2d 653, 660 (Pa. 2009). Thus, the municipality may divide its territory into districts and prohibit or regulate activities in areas where the activity's character is not consistent with that use. *Id.* However, because "billboards are not objectionable *per se*, a blanket prohibition on billboards without justification cannot pass constitutional muster." *Id.* (cleaned up).

Generally, "a municipality chooses to regulate signs under its zoning ordinance." *Interstate Outdoor Advert., L.P. v. Zoning Hearing Bd. of Warrington Twp.*, 39 A.3d 1019, 1025 (Pa. Cmwlth. 2012). Zoning ordinances are presumed to be constitutional and valid, and the party challenging the ordinance bears a heavy burden of proving otherwise. *Id.* at 1024; *see also Macioce v. Zoning Hearing Bd. of Borough of Baldwin*, 850 A.2d 882, 887 (Pa. Cmwlth. 2004).

To overcome this presumption, the challenger must demonstrate that the ordinance completely or effectively, *i.e.*, *de jure* or *de facto*, excludes an otherwise legitimate use. *Interstate Outdoor Advert.*, 39 A.3d at 1024. "In a *de jure* exclusion case, the challenger alleges that an ordinance on its face totally excludes a use." *Bloomsburg Indus. Ventures, LLC v. Town of Bloomsburg*, 242 A.3d 969, 978 (Pa. Cmwlth. 2020) (cleaned up). In a *de facto* exclusion case, "a challenger alleges that an ordinance appears to permit a use, but under such conditions that the use cannot in fact be accomplished." *Id.* (cleaned up).

When a challenger of a zoning ordinance establishes that the ordinance excludes the use in question, the burden shifts to the municipality to demonstrate

that the exclusion "bears a substantial relationship to public health, safety, morality, or welfare." *Twp. of Exeter*, 962 A.2d at 661 (citations omitted). If the municipality fails to prove that the exclusion is so necessary, the challenger is entitled to site-specific relief. *Adams Outdoor Advert., Ltd. v. Hanover Twp. Zoning Hearing Bd.*, 633 A.2d 240, 245 (Pa. Cmwlth. 1993). Under these circumstances, a court has broad discretion to grant appropriate site-specific relief. *Id.* at 245-46; *see also* Section 1006-A of the MPC, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11006-A(c).

## A. The Ordinance is *De Facto* Exclusionary

The Borough first argues that its Ordinance is not *de facto* exclusionary because billboards are permitted in two of its zoning districts, *i.e.*, the Roadway Commercial and Rural Resource Overlay zoning districts, and conditionally permitted in a third, the C-3 Heavy Commercial district. *See* Borough's Br. at 3. Further, while the Borough concedes there are errors in the publicly available zoning map and an online version of the Ordinance, the Borough asserts that these errors are merely ministerial and, thus, do not render the Ordinance *de facto* exclusionary. *See id.* at 8-12 (citing in support *Realty Enters., LLC v. Marple Twp.*, 213 A.3d 333 (Pa. Cmwlth. 2019)).

In response, Applicant maintains that a "multitude of errors" in the Ordinance and zoning map create an unacceptable level of confusion and ambiguity. Applicant's Br. at 13. According to Applicant, these errors make it impossible for anyone to determine where in the Borough it has authorized the use of billboards. *See id.* at 17. Further, Applicant challenges the Borough's assertion that the errors and inconsistencies are merely ministerial. *See id.* at 20-26.

5

We conclude, as did the trial court, that several inaccuracies in the Ordinance render it *de facto* exclusionary as to use of billboards in the Borough. The Ordinance authorized six districts within the Borough: (1) Commercial Center; (2) Highway Commercial and Manufacturing; (3) Mixed Density Residential; (4) Single-Family Residential; (5) Public District; and (6) Roadway Commercial. Ordinance, § 265-401. In addition, there were two overlay districts,[4] the Riverfront Overlay district and the Floodplain district. *Id.*

A review of the permitted and conditional uses in each district reveals that billboards are only permitted in the Roadway Commercial district by right. Ordinance, § 265-409(B). However, the Borough zoning map fails to delineate the Roadway Commercial district. A "draft zoning map," which portrays the Roadway Commercial district, is not available to the public and is not part of the Ordinance.

Billboards are also mentioned in Section 265-502(B) of the Ordinance as a conditional use in the C-3 Heavy Commercial district. However, there is no such authorized district in the Borough. *See* Ordinance, § 265-401. The Ordinance provides for a Highway Commercial and Manufacturing district, the purpose of which is to encourage development of highway-oriented retail and commercial uses. *See* Ordinance § 265-403(A). However, billboards are not within the identified permitted and conditional uses for this district. Ordinance § 265-403(B) & (C).

---

[4] An "overlay zoning district" is "[a] zoning district classification, the extents of which are described in the Zoning Ordinance and/or depicted on the Zoning Map, that modifies the standards of the Base Zoning District within but not limited to areas of relatively steep slope or grade, floodplains, transitional areas, the Allegheny River, areas where innovation and the promotion of flexibility, economy and ingenuity are encouraged, and areas surrounding and including public buildings and public grounds." Ordinance, § 265-202.

Moreover, in setting forth general standards for signs,[5] the Ordinance seems to permit billboards in the Rural Resource Overlay district. Ordinance, § 265-702 (citing Section 265-406(F) of the Ordinance). However, the Rural Resource Overlay district is not authorized by the Ordinance. *See* Ordinance, § 265-401. Further, Section 265-406 governs the Riverfront Overlay district, not the Rural Resource Overlay district, and does not contain a subsection (F).

Thus, the Ordinance, on its face, indicates that billboards are permitted in districts that do not exist, and the publicly available map does not show the one district in which billboards are permitted by right. These are significant facial inaccuracies that deprive a landowner of reasonable notice of where and under what circumstances billboards are permitted. *See Bloomsburg Indus. Ventures*, 242 A.3d at 978.

We also reject the Borough's assertion that these errors are merely ministerial. This Court has determined that a township's failure to timely update a zoning map to reflect a change in the local ordinance was a ministerial oversight that had no effect on the validity of the local ordinance. *Realty Enters.*, 213 A.3d at 339-41 (noting that the township had corrected the error before applicants had commenced litigation). Here, however, the Borough's errors have persisted throughout this litigation, revealing a general lack of clarity and accuracy in the Borough's Ordinance. We therefore conclude that the Ordinance *de facto* excludes billboards as a use within the Borough.

---

[5] A "billboard" is defined as "[a] sign, upon which advertising matter of any character is printed, posted or lettered, which is erected upon a property bearing no establishment or principal building." Ordinance, § 265-202.

## B. Applicant is Entitled to Site-specific Relief

The Borough further states the issue before the ZHB on remand was limited to whether the Ordinance was exclusionary. *See* Borough's Br. at 13-15. Because of this, according to the Borough, the ZHB made no findings as to whether the exclusion was necessary to circumvent a detriment to public health, safety, morality, or welfare. *See id.* Absent such findings, the Borough concludes that the trial court abused its discretion by granting Applicant site-specific relief. *See id.*

Pointing to the Borough's burden to produce evidence justifying its *de facto* exclusion, Applicant responds that the Borough's failure to introduce any justification evidence entitles Applicant to site-specific relief. Applicant's Br. at 31-35.[6] Applicant notes further that the Borough failed to request to supplement the record in the trial court. *See id.* at 35.[7]

Here, the Borough failed to introduce any justification evidence on remand to the ZHB. While there may have been some confusion regarding its burden of production at the remand hearing, clearly any reticence in that regard must have dissipated upon learning the trial court's decision that the Ordinance was *de facto* exclusionary. Nevertheless, there is no indication in the record that the Borough sought to supplement the record before the trial court with evidence that the exclusion was necessary to circumvent a detriment to public health, safety, morality,

---

[6] At the remand hearing, Applicant proffered testimony from Charles Wooster, an engineer who was prepared to testify about whether the proposed location of the billboard would be injurious to public health, safety, morality, or welfare. Notes of Testimony (N.T.) Remand Hr'g, 6/29/20, at 26-31, 86-92. The Borough characterized Mr. Wooster's testimony as irrelevant and unripe for the purpose of the remand. *Id.* The ZHB did not permit Mr. Wooster to testify. *Id.*

[7] A trial court is permitted to reopen the hearing record and take additional evidence not otherwise submitted before the zoning hearing board if moved by a party. Section 1005-A of the MPC, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11005-A.

or welfare.  Applicant is entitled to site-specific relief.  *Adams Outdoor Advert.*, 633 A.2d at 245.

## IV. CONCLUSION

Because of several errors in the Ordinance, which make it impossible to determine where and under what circumstances billboards are permitted, we conclude that the Ordinance *de facto* excludes the use of billboards.  *See Bloomsburg Indus. Ventures*, 242 A.3d at 978.  Further, the Borough failed to introduce any evidence justifying this *de facto* exclusion.  Therefore, the Borough did not establish that the Ordinance's exclusion was necessary to circumvent a detriment to public health, safety, morality, or welfare, and Applicant is entitled to site-specific relief. *Adams Outdoor Advert.*, 633 A.2d at 245.

For these reasons, we affirm the trial court.

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

America First Enterprises d/b/a/ :
Oliver Outdoor :
:
v. : No. 532 C.D. 2021
:
Zoning Hearing Board of the :
Borough of Tarentum and :
Borough of Tarentum :
:
Appeal of: Borough of Tarentum :

# **O R D E R**

AND NOW, this 22nd day of August 2022, the order entered by the Court of Common Pleas of Allegheny County in the above-captioned matter on April 22, 2021, is AFFIRMED.

_____
LORI A. DUMAS, Judge